01:57PM

```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK
```

_____

**STEPHEN KERSHNAR,**

                Plaintiff,

vs.

**STEPHEN H. KOLISON, JR.,** in his individual capacity and his official capacity as the President of the State University of New York at Fredonia, and

**DAVID STARRETT,** in his individual capacity and official capacity as Executive Vice President and Provost of the State University of New York at Fredonia,

                Defendants.
_____

Case No. 1:23-CV-525 (LJV)

August 17, 2023

    **STATUS CONFERENCE via ZOOM FOR GOVERNMENT VIDEOCONFERENCE**
        **BEFORE THE HONORABLE LAWRENCE J. VILARDO**
                **UNITED STATES DISTRICT JUDGE**

<u>**APPEARANCES:**</u>    **LIPSITZ GREEN SCIME CAMBRIA LLC**
                  **BY: BARRY N. COVERT, ESQ.**
                     42 Delaware Avenue
                     Suite 300
                     Buffalo, New York 14202

                **FOUNDATION FOR INDIVIDUAL RIGHTS & EXPRESSION**
                **BY: ADAM B. STEINBAUGH, ESQ.**
                     510 Walnut Street
                     Suite 1250
                     Philadelphia, Pennsylvania 19106
                **BY: ROBERT CORN-REVERE, ESQ.**
                     700 Pennsylvania Avenue SE
                     Suite 340
                     Washington, DC 20003
                For the Plaintiff

```
 1                      LETITIA A. JAMES
                        NEW YORK STATE ATTORNEY GENERAL
 2                 BY:  ALYSSA JORDAN PANTZER, ESQ.
                        Assistant NYS Attorney General
 3                      Health Care Bureau
                        28 Liberty Street
 4                      19th Floor
                        New York, New York 10005
 5                 BY:  JENNIFER METZGER KIMURA, ESQ.
                        Assistant NYS Attorney General
 6                      350 Main Street
                        Suite 300 A
 7                      Buffalo, New York 14202
                   For the Defendant
 8
    DEPUTY CLERK:       COLLEEN M. DEMMA
 9
    COURTREPORTER:      ANN M. SAWYER, FCRR, RPR, CRR
10                      Robert H. Jackson Courthouse
                        2 Niagara Square
11                      Buffalo, New York 14202
                        Ann_Sawyer@nywd.uscourts.gov
12

13                 *    *    *    *    *    *    *    *

14

15             (Proceedings commenced at 2:03 p.m.)

16             THE COURT:  Can everyone hear me?

17             THE CLERK:  Yes, Judge.  I'll call the case.

18             United States District Court for the Western District

19   of New York is now in session, the Honorable Lawrence J.

20   Vilardo presiding.

21             23-CV-525, Kershnar versus Kolison, et al.

22             Attorneys Barry Covert, Adam Steinbaugh, and Robert

23   Corn-Revere on behalf of the plaintiff.

24             Assistant Attorneys General Jennifer Metzger Kimura

25   and Alyssa Pantzer appearing on behalf of the defendants.
```

| | | |
|---|---|---|
| 02:04PM | 1 | All parties are appearing by Zoom videoconference. |
| 02:04PM | 2 | This is the date set for a status conference. |
| 02:04PM | 3 | THE COURT: Okay. Good afternoon, everyone. |
| 02:04PM | 4 | Let me start by saying what I've been saying at the |
| 02:04PM | 5 | beginning of all these conferences that I've done by Zoom or |
| 02:04PM | 6 | by phone, and that's no one is to record or rebroadcast this |
| 02:04PM | 7 | in any way. That's under penalty of contempt and the |
| 02:04PM | 8 | sanctions that might go along with it. |
| 02:04PM | 9 | Okay. So the reason I thought I would get everyone |
| 02:04PM | 10 | together was that I do think that we need a hearing, |
| 02:04PM | 11 | especially given the local rules for the Western District that |
| 02:04PM | 12 | I've familiarized myself with, and I think I do need a |
| 02:05PM | 13 | hearing. So I'd like to schedule that in relatively short |
| 02:05PM | 14 | order, and I didn't think that that was a good enough reason |
| 02:05PM | 15 | to bring folks from out of town here, so I thought that we |
| 02:05PM | 16 | could do this by Zoom. |
| 02:05PM | 17 | So when can we -- when can we do the hearing? How |
| 02:05PM | 18 | long is the hearing going to last, and when can we do it? |
| 02:05PM | 19 | Thoughts from either side. |
| 02:05PM | 20 | I'll hear from the defense first, since it's the |
| 02:05PM | 21 | defense that has been pushing for -- or, that was pushing for |
| 02:05PM | 22 | the hearing, so I'll hear from you folks, first. |
| 02:05PM | 23 | MS. KIMURA: Judge, you know, we would like as long |
| 02:05PM | 24 | as possible. We were thinking at some point in October. |
| 02:05PM | 25 | One of the things was that we were looking into |

| | | |
|---|---|---|
| 02:05PM | 1 | getting an expert as it relates to -- we brought it up I think |
| 02:05PM | 2 | during oral argument or in our papers about getting an expert |
| 02:06PM | 3 | or a psychologist or psychiatrist, you know, that's -- that's |
| 02:06PM | 4 | what we were initially thinking. |
| 02:06PM | 5 |     THE COURT:  I'd like to do it before October.  I'd |
| 02:06PM | 6 | like to do it sooner than that, but I hear what you're saying. |
| 02:06PM | 7 |     What's the plaintiff's position?  Who's going to |
| 02:06PM | 8 | speak? |
| 02:06PM | 9 |     MR. COVERT:  I will, Your Honor.  And please let me |
| 02:06PM | 10 | know if you can't hear me. |
| 02:06PM | 11 |     THE COURT:  I can hear you. |
| 02:06PM | 12 |     MR. COVERT:  Thank you, Judge. |
| 02:06PM | 13 |     I think that a reasonable period of time, given that |
| 02:06PM | 14 | we are towards the middle of August and we have Labor Day |
| 02:06PM | 15 | coming up, would be shortly after Labor Day. |
| 02:06PM | 16 |     THE COURT:  Yeah, I think -- yeah, I was thinking |
| 02:06PM | 17 | toward the middle of -- the second, third week in September, |
| 02:06PM | 18 | somewhere in through there -- |
| 02:06PM | 19 |     MR. COVERT:  Yes. |
| 02:06PM | 20 |     THE COURT:  -- is what I was thinking. |
| 02:06PM | 21 |     MR. COVERT:  Yes.  And, Your Honor, if I can just |
| 02:06PM | 22 | state as well, what we would propose is our -- obviously, the |
| 02:06PM | 23 | defendant's request for this factual hearing and their |
| 02:06PM | 24 | witnesses will dictate to a large extent who our witnesses are |
| 02:07PM | 25 | going to be.  So the sooner -- we do anticipate that we will |

| | | |
|---|---|---|
| 02:07PM | 1 | call witnesses, I want to make that clear.  Who those |
| 02:07PM | 2 | witnesses will be, will be dictated by the experts that they |
| 02:07PM | 3 | name, and the summary that they provide as a standard as to |
| 02:07PM | 4 | what that expert will testify to. |
| 02:07PM | 5 | We already have discussed who our potential experts |
| 02:07PM | 6 | will be, but we don't want to address issues that are not |
| 02:07PM | 7 | raised by the defense in the factual hearing.  So the sooner |
| 02:07PM | 8 | they can identify their factual witnesses, we will be able to |
| 02:07PM | 9 | determine ours.  But I don't see any reason why we can't do |
| 02:07PM | 10 | that in the second or third week of September. |
| 02:07PM | 11 | We will also ask for the immediate disclosure, |
| 02:07PM | 12 | because we anticipate that there's no doubt that they're going |
| 02:07PM | 13 | to be calling the FBI agent, for example, that submitted an |
| 02:07PM | 14 | affidavit, and that those individuals will be relying upon |
| 02:07PM | 15 | some documents that can be shared at this point.  We have |
| 02:08PM | 16 | tried through FOIA since basically the inception of the case |
| 02:08PM | 17 | to get a copy of any police reports that are related to this |
| 02:08PM | 18 | 911 calls, social media documents relating to threats, police |
| 02:08PM | 19 | reports from the local police department if anything was |
| 02:08PM | 20 | referred out.  The sooner they can get that to us for our |
| 02:08PM | 21 | experts to review to come up with their opinions, we can share |
| 02:08PM | 22 | then that review and our opinion with the defendants, that |
| 02:08PM | 23 | would be appreciated.  But I agree with the Court, second or |
| 02:08PM | 24 | third week of September, there is no reason we can't all |
| 02:08PM | 25 | accommodate that as a return date for a factual hearing. |

```
02:08PM    1              THE COURT:  Okay.  And how long do we think this
02:08PM    2   hearing's going to take?  I mean, I don't want to set aside
02:08PM    3   more than a day or two for it.
02:08PM    4              MR. COVERT:  I suspect two days, Your Honor.  I don't
02:08PM    5   know how many witnesses they're going to call.  I suspect
02:08PM    6   we're probably going to call two witnesses.  I don't think
02:08PM    7   that any of these witnesses are going to be particularly long
02:08PM    8   with relation to their direct or their cross-examination, I
02:09PM    9   don't want to speak for the defendants, but I anticipate --
02:09PM   10   especially if we can get disclosure of all related
02:09PM   11   documents --
02:09PM   12              THE COURT:  Right.
02:09PM   13              MR. COVERT:  -- that have been reviewed now, and
02:09PM   14   aren't asking for them at the time of the hearing to determine
02:09PM   15   what they're relying upon.  I -- I would carve out two days,
02:09PM   16   Your Honor, and hope that we don't need the entire two days.
02:09PM   17              THE COURT:  So, Ms. Kimura, let me ask you, who do
02:09PM   18   you anticipate calling?  I mean, obviously, you'll end up --
02:09PM   19   you anticipate calling Mr. Isaacson, right?
02:09PM   20              MS. KIMURA:  Yes, that was definitely on our list.
02:09PM   21   We were looking through, you know, any of the witnesses that
02:09PM   22   we submitted.  I think that Lisa Melohusky might be one.
02:09PM   23              I -- we were looking into getting the psychiatrist or
02:09PM   24   psychiatrist, but that was the -- other than that, you know,
02:09PM   25   and I didn't actually carve out the rest of the now proposed
```

02:09PM  1   witnesses.
02:09PM  2   　　　THE COURT:  Yeah, no, no, and I'm not asking -- and
02:09PM  3   I'm not asking you to commit to that now, I just want to get a
02:10PM  4   sense.
02:10PM  5   　　　MS. KIMURA:  And I also would probably call the new
02:10PM  6   interim chief of police, who is Charles Holder.
02:10PM  7   　　　THE COURT:  I take it you're not going to call the
02:10PM  8   president, because the motivation behind the decision is not a
02:10PM  9   question of fact, right?  The motivation behind -- we're all
02:10PM  10  agreeing that the motivation, or at least your position is
02:10PM  11  that the motivation is the safety, and so that's the only real
02:10PM  12  issue is the safety issue, right?
02:10PM  13  　　　MS. KIMURA:  Yes, Your Honor.
02:10PM  14  　　　THE COURT:  Do you agree with that, Mr. Covert?
02:10PM  15  　　　MR. COVERT:  We agree that that's their position.
02:10PM  16  　　　THE COURT:  Right.
02:10PM  17  　　　MR. COVERT:  Depending upon what their experts are
02:10PM  18  going to testify to, would -- and whether that opens that
02:10PM  19  door, that we would want to have him called or not.
02:10PM  20  　　　I personally would like to keep this as simple as
02:10PM  21  possible, this --
02:10PM  22  　　　THE COURT:  Yep.
02:10PM  23  　　　MR. COVERT:  -- relying upon the safety.
02:10PM  24  　　　THE COURT:  Yep.
02:10PM  25  　　　MR. COVERT:  But if they want -- if they want to open

| | | |
|---|---|---|
| 02:10PM | 1 | that door -- |
| 02:10PM | 2 | THE COURT: Yep. |
| 02:10PM | 3 | MR. COVERT: -- and start bringing in other factors, |
| 02:10PM | 4 | then I don't want to preclude us from addressing them |
| 02:10PM | 5 | appropriately. |
| 02:10PM | 6 | THE COURT: Absolutely. Okay. So, Colleen, what |
| 02:11PM | 7 | does our -- what does our schedule look like? We'll propose |
| 02:11PM | 8 | some dates and see if that might work for folks. |
| 02:11PM | 9 | THE CLERK: Okay, Judge. |
| 02:11PM | 10 | MS. PANTZER: Sorry. Just one hurdle that we have |
| 02:11PM | 11 | with the mid-September date, Your Honor, I did want to -- and |
| 02:11PM | 12 | we'll -- we'll adjust as necessary, as the Court deems |
| 02:11PM | 13 | necessary. But Chief Isaacson is retired, and he does intend |
| 02:11PM | 14 | to travel essentially across country with an RV from -- in the |
| 02:11PM | 15 | mid-September area. So he had indicated early October, |
| 02:11PM | 16 | because he'll be set in one city, and he'll know where he's |
| 02:11PM | 17 | traveling back to Buffalo from. |
| 02:11PM | 18 | I just -- I understand the Court wants to get this |
| 02:11PM | 19 | done sooner, rather than later, but I did want just, you know, |
| 02:11PM | 20 | to point that out. |
| 02:11PM | 21 | THE COURT: Let me ask you this. When is he leaving? |
| 02:11PM | 22 | MS. PANTZER: He's leaving early September. |
| 02:11PM | 23 | THE COURT: Colleen -- |
| 02:12PM | 24 | MR. COVERT: Your Honor, if we want to do this the |
| 02:12PM | 25 | second week of September, that actually works best for us. |

|  |  |  |
|---|---|---|
| 02:12PM | 1 | Mr. Steinbaugh just texted me that he's going to be traveling |
| 02:12PM | 2 | September 20th, and he would prefer to be here.  But if we -- |
| 02:12PM | 3 | if he's not able to be here because of his schedule, it is |
| 02:12PM | 4 | what it is, and we will proceed.  But the second week of |
| 02:12PM | 5 | September, if we can let Mr. Isaacson know now, I would assume |
| 02:12PM | 6 | that he can accommodate that if we let him know now to make |
| 02:12PM | 7 | sure he's there if we choose the second week of September. |
| 02:12PM | 8 | MS. PANTZER:  So September 11th and 12th, all of the |
| 02:12PM | 9 | Buffalo regional office assistant attorney generals, including |
| 02:12PM | 10 | Jenna and I, will be in Albany for a camp -- we call it Camp |
| 02:12PM | 11 | AG -- so, for training.  So that, those two days definitely |
| 02:12PM | 12 | aren't going to be available for Jenna and I.  But otherwise, |
| 02:12PM | 13 | we'll work around the Court's schedule, certainly. |
| 02:12PM | 14 | MR. COVERT:  Your Honor, my -- my calendar, the 13th, |
| 02:13PM | 15 | 14th and 15th are wide open.  If the Court would want to give |
| 02:13PM | 16 | them a day to travel, I don't find that to be unreasonable. |
| 02:13PM | 17 | And then we can -- so they travel on the 13th back from their |
| 02:13PM | 18 | camp, and then we can conduct this on the 14th and 15th, would |
| 02:13PM | 19 | be wide open for me. |
| 02:13PM | 20 | THE COURT:  What's my calendar look like, Colleen? |
| 02:13PM | 21 | THE CLERK:  So, Judge, I have you out of the district |
| 02:13PM | 22 | on Friday the 15th. |
| 02:13PM | 23 | THE COURT:  Oh, right. |
| 02:13PM | 24 | THE CLERK:  Okay? |
| 02:13PM | 25 | THE COURT:  Yes, right. |

| | | |
|---|---|---|
| 02:13PM | 1 | THE CLERK: We do have Wednesday, September 13, is |
| 02:13PM | 2 | wide open. And Thursday, I can certainly move around some |
| 02:13PM | 3 | things to free that day up. |
| 02:13PM | 4 | THE COURT: So is the 13th and 14th doable? |
| 02:13PM | 5 | MS. KIMURA: I, Your Honor, I think the 13th we are |
| 02:13PM | 6 | still -- it's that Wednesday, we're still at the AG Camp. |
| 02:13PM | 7 | MR. COVERT: How about -- how about the 14th and the |
| 02:13PM | 8 | 18th, Your Honor? |
| 02:13PM | 9 | THE CLERK: Judge -- |
| 02:13PM | 10 | THE COURT: Go ahead. |
| 02:13PM | 11 | THE CLERK: Judge, you're not here the week of the |
| 02:13PM | 12 | 18th. |
| 02:13PM | 13 | THE COURT: I'm gone that entire -- |
| 02:14PM | 14 | THE CLERK: That's -- |
| 02:14PM | 15 | THE COURT: -- oh, yeah, I know what that week is, |
| 02:14PM | 16 | yes. |
| 02:14PM | 17 | THE CLERK: Yep. |
| 02:14PM | 18 | MR. COVERT: Your Honor, they're the ones asking for |
| 02:14PM | 19 | the hearing, so I think that unfortunately we need to -- we're |
| 02:14PM | 20 | trying to accommodate their schedules, but I think the 13th |
| 02:14PM | 21 | and 14th. |
| 02:14PM | 22 | THE COURT: We can do the 13th and 14th, Colleen? |
| 02:14PM | 23 | THE CLERK: Yes, Judge. |
| 02:14PM | 24 | THE COURT: Okay. Let's do that. Let's do that. |
| 02:14PM | 25 | Let's do the 13th and 14th. And -- and, yes, I want a witness |

| | | |
|---|---|---|
| 02:14PM | 1 | list from the defendants.  Let's say -- today is the 17th?  So |
| 02:14PM | 2 | I'll want a witness list from the defendants by no later than |
| 02:14PM | 3 | next Wednesday.  What's that, the 20 -- |
| 02:14PM | 4 | THE CLERK:  The 23rd, Judge. |
| 02:14PM | 5 | THE COURT:  -- the 23rd?  Okay.  And then I'll want |
| 02:14PM | 6 | the same from the plaintiffs no later than the following |
| 02:15PM | 7 | Monday. |
| 02:15PM | 8 | THE CLERK:  The 28th. |
| 02:15PM | 9 | THE COURT:  And -- |
| 02:15PM | 10 | MS. PANTZER:  Your Honor, just -- I understand that |
| 02:15PM | 11 | we are the ones requesting the hearing.  But I believe the |
| 02:15PM | 12 | burden on a preliminary injunction is with plaintiffs.  Is |
| 02:15PM | 13 | there any way we can switch the order in order for plaintiffs |
| 02:15PM | 14 | to submit the witness list first?  We've -- we've essentially |
| 02:15PM | 15 | identified our witnesses, Your Honor, by providing all of the |
| 02:15PM | 16 | declarations in support of our motion.  I mean -- |
| 02:15PM | 17 | THE COURT:  Well, then, that's easy.  So then your -- |
| 02:15PM | 18 | then your witness list is what it is, and you've just given it |
| 02:15PM | 19 | to the plaintiffs. |
| 02:15PM | 20 | MS. PANTZER:  Well, I think we all -- |
| 02:15PM | 21 | THE COURT:  So the plaintiffs don't think there's a |
| 02:15PM | 22 | need for an evidentiary hearing.  You folks have said there's |
| 02:15PM | 23 | a need for the hearing.  So, I mean, it is the burden of the |
| 02:15PM | 24 | plaintiff to get the preliminary injunction but, I mean, I |
| 02:15PM | 25 | think the whole purpose of the hearing is for you folks to |

02:16PM  1   convince me that the reason behind your decision, that is that
02:16PM  2   there is a danger on the -- in the community, is a real
02:16PM  3   danger.
02:16PM  4            I mean, I suppose I can make the plaintiffs go first,
02:16PM  5   but the plaintiffs are just going to, you know, put on
02:16PM  6   somebody that says there's no danger there.  And it just seems
02:16PM  7   to me we'll have things backwards, given where we are on this.
02:16PM  8            I'm happy to listen.  I'm happy to -- to listen to
02:16PM  9   your thoughts on this as to why the plaintiffs should go
02:16PM  10  first, but it doesn't seem to me to be a situation where they
02:16PM  11  should.
02:16PM  12           MR. COVERT:  Your Honor, I think you're right.  And
02:16PM  13  our position is we submit on the papers, so we think the Court
02:16PM  14  can rule based on what's been submitted.  So if they want to
02:16PM  15  rebut and provide proof that there's -- that they can
02:16PM  16  establish a need for is continued -- I don't want to
02:17PM  17  characterize it, but --
02:17PM  18           THE COURT:  No, no, no, I understand what you're
02:17PM  19  saying, Mr. Covert, and I think I agree with you.  So, yeah, I
02:17PM  20  don't see a reason to switch the order of the submissions.  I
02:17PM  21  mean, you just made it pretty clear, Ms. Pantzer, that it's
02:17PM  22  not going to be that onerous for you to provide a witness
02:17PM  23  list.
02:17PM  24           So, yeah, I think do that.  Exchange the documents
02:17PM  25  that Mr. Covert's talking about.  Get that done in short

| | | |
|---|---|---|
| 02:17PM | 1 | order, and let's do the hearing in short order. |
| 02:17PM | 2 | MR. COVERT:  Your Honor, I don't see any reason that |
| 02:17PM | 3 | the AG's office does not immediately provide us with all |
| 02:17PM | 4 | related documents that have been reviewed by the experts or |
| 02:17PM | 5 | relied upon by them in any way, shape, or form establish a |
| 02:17PM | 6 | threat to the community, the college campus, Mr. Kershnar. |
| 02:17PM | 7 | But in any event, I would think the latest that they should |
| 02:17PM | 8 | have to turn it over, I'd prefer it today, is when they submit |
| 02:18PM | 9 | their witness list. |
| 02:18PM | 10 | THE COURT:  I think that's right.  Yeah, I want to |
| 02:18PM | 11 | give them a little time to take a look at things, Mr. Covert. |
| 02:18PM | 12 | MR. COVERT:  We're fine with that. |
| 02:18PM | 13 | THE COURT:  When they submit their witness list, they |
| 02:18PM | 14 | should get to you anything that they are going to rely on in |
| 02:18PM | 15 | the hearing, and the things that -- the categories of |
| 02:18PM | 16 | documents that you're talking about, I don't see any reason -- |
| 02:18PM | 17 | I mean, unless there are objections to it, in which case you |
| 02:18PM | 18 | tell me what the objections are.  But I just don't see any |
| 02:18PM | 19 | reason that you could object to the sorts of things Mr. Covert |
| 02:18PM | 20 | is talking about. |
| 02:18PM | 21 | MR. COVERT:  The only reason I raise this, and I'm a |
| 02:18PM | 22 | bit weary, is just because we don't -- it's inexplicable that |
| 02:18PM | 23 | we filed -- and I won't get into chapter and verse, but we |
| 02:18PM | 24 | filed many, many FOIA requests. |
| 02:18PM | 25 | THE COURT:  I understand. |

| | | |
|---|---|---|
| 02:18PM | 1 | MR. COVERT: And none of them have been complied |
| 02:18PM | 2 | with. So I really think that we need to not be in a position |
| 02:18PM | 3 | where we're litigating the disclosure of information. |
| 02:18PM | 4 | THE COURT: Yep, I understand that. And I hope that |
| 02:18PM | 5 | that is not going to be the case. If it is, I will rule on |
| 02:18PM | 6 | things that I have to rule on. But I certainly don't like |
| 02:19PM | 7 | ambushes, and so I would like the defense to turn over any |
| 02:19PM | 8 | documents that they are, as I said, going to rely on, or are |
| 02:19PM | 9 | in the categories that Mr. Covert was talking about to the |
| 02:19PM | 10 | plaintiff. |
| 02:19PM | 11 | And, by the same token, the plaintiff should turn |
| 02:19PM | 12 | over any documents that it has on which it will rely, anything |
| 02:19PM | 13 | that is relatively relevant to this hearing, to the defense. |
| 02:19PM | 14 | And let's make that date the same, so everybody turns it over |
| 02:19PM | 15 | by next Wednesday. |
| 02:19PM | 16 | MR. COVERT: Very good. |
| 02:19PM | 17 | THE COURT: Okay. |
| 02:19PM | 18 | MS. PANTZER: Your Honor, one quick thing. Just |
| 02:19PM | 19 | because we are going to be in Albany for the trainings, is |
| 02:19PM | 20 | there any way we can get a little bit of a later start time on |
| 02:19PM | 21 | the 13th? Do you think that's possible? |
| 02:19PM | 22 | I don't know if you think it's going to take a full |
| 02:19PM | 23 | two days. If we do, then maybe not. But I'm thinking maybe |
| 02:19PM | 24 | like an 11 or afternoon. |
| 02:19PM | 25 | THE COURT: Yeah, I don't have a problem -- you know |

| | | |
|---|---|---|
| 02:19PM | 1 | what?  Let's plan on doing that.  And then let's plan on going |
| 02:20PM | 2 | straight through without a lunch that day. |
| 02:20PM | 3 | MR. COVERT:  Your Honor, I don't know what the |
| 02:20PM | 4 | Court's rules are, but if we can perhaps go a little bit later |
| 02:20PM | 5 | on Wednesday -- |
| 02:20PM | 6 | THE COURT:  Yeah. |
| 02:20PM | 7 | MR. COVERT:  -- and then agree that we're just going |
| 02:20PM | 8 | to finish on Thursday, as late as it takes, and as long as it |
| 02:20PM | 9 | doesn't violate any rules, I want to accommodate their travel |
| 02:20PM | 10 | schedule, I think they're being reasonable in requesting that. |
| 02:20PM | 11 | THE COURT:  Yeah, and maybe I'll set some time limits |
| 02:20PM | 12 | just to fit things in so you folks can decide what's important |
| 02:20PM | 13 | and what's not important and do it that way.  We can limit the |
| 02:20PM | 14 | length of the hearing that way. |
| 02:20PM | 15 | But, no, I don't see any problem at all with starting |
| 02:20PM | 16 | at 11 on Wednesday.  That seems like a reasonable request, so |
| 02:20PM | 17 | let's do that. |
| 02:20PM | 18 | MR. COVERT:  Very good. |
| 02:20PM | 19 | THE COURT:  Okay?  Anything else we need to do today? |
| 02:21PM | 20 | MR. COVERT:  No, Your Honor. |
| 02:21PM | 21 | THE COURT:  Terrific. Okay. Thanks, everybody. And |
| 02:21PM | 22 | we'll see you in several weeks. |
| 02:21PM | 23 | MR. COVERT:  Thank you, Your Honor. |
| 02:21PM | 24 | (Proceeding concluded at 2:21 p.m.) |
| | 25 | *     *     *     *     *     *     * |

## CERTIFICATE OF REPORTER

In accordance with 28, U.S.C., 753(b), I certify that these original notes are a true and correct record of proceedings in the United States District Court for the Western District of New York on August 17, 2023.

s/ Ann M. Sawyer
Ann M. Sawyer, FCRR, RPR, CRR
Official Court Reporter
U.S.D.C., W.D.N.Y.