

August 24, 2023

**<u>VIA ELECTRONIC FILING</u>**

Hon. Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

      Re:    *Kershnar v. Kolison*
                 Civil Action No. 1:23-cv-525-LJV

Dear Judge Vilardo:

We respectfully ask that this Court compel Defendants' compliance with the Court's August 17, 2023, orders requiring Defendants to produce records in advance of the September 13–14 evidentiary hearing in the above-referenced proceeding. Plaintiff seeks an order compelling immediate production of documents described in the August 17 status conference and covered by this Court's order.

**<u>Background: This Court ordered Defendants to produce records</u>**

At the August 17 Status Conference, the Court granted the Defendants' request for an evidentiary hearing on Plaintiff's motion for a preliminary injunction. An annotated copy of the transcript is attached as **Exhibit 45**. During the status conference, Plaintiff's counsel explained the need for records relating to Defendants' assertions, including records long sought via Freedom of Information Law (FOIL) requests, and records that Brent Isaacson relied upon in his assessments. (Ex. 45 at 5:11–20, 12:24–14:15.) Plaintiff's counsel also explained that these records are necessary to facilitate evaluation by Plaintiff's prospective experts. (Ex. 45 at 5:20–23.)

The Court directed Defendants to produce both (a) documents they are "going to rely on" during the hearing and (b) documents "in the categories that Mr. Covert was talking about. . . ." (Ex. 45 at 14:7–10.) Defendants did not object. The Court repeated that order in its Minute Order the same day. (ECF No. 17.)

After the status conference, I sent Defendants' counsel copies of the FOIL requests and more particularly identified the records Mr. Covert referenced. My correspondence is attached as **Exhibit 46** and copies of the FOIL requests are attached as **Exhibits 47–51**.

### Defendants refused to—and did not—produce the records.

On Friday evening, Defendants asserted they were not obligated to provide the records and would provide only "the exhibits Defendants intend to rely upon for the evidentiary hearing[.]" (Ex. 46 at 2–3.) I reminded Defendants that evening that the Court had directed the production of the records referenced by Mr. Covert. (Ex. 46 at 2.) On Monday, Defendants again asserted that they would provide only their designated exhibits. (Ex. 46 at 1.)

On August 23, Defendants provided designated exhibits, but no other records. Plaintiff produced to Defendants some 800 pages of records as directed.

### Defendants' omitted records are important to the evidentiary hearing.

The records Defendants declined to produce are important for Plaintiff and his experts to prepare for the evidentiary hearing. These records inform Chief Isaacson's opinion, as his declaration emphasizes, and he will testify that "the threats and disruption occurring immediately after" the video went viral "was the reason to remove Plaintiff from campus." *See*, Decl. of Brent Isaacson, ECF No. 13-3 ("Isaacson Decl."); Defs.' Witness List, ECF No. 25 ¶ 1.

These records are also important for the Court to evaluate the reasonableness of Chief Isaacson's prediction that violence is likely unless Kershnar's First Amendment rights are curtailed.

By way of example, records in the categories sought by Plaintiff include:

**1. Threat assessments and communications with other law enforcement agencies.** Isaacson identifies the "cooling down" period as intended to facilitate "continuing" assessment while working with law enforcement "to develop more information to guide" his assessment. (Isaacson Decl. ¶ 19, Ex. B at 1). Defendants should produce any "continuing" assessments or recommendations (including those made informally),[1] any police incident reports relating to Kershnar or any form of response to the controversy, and

---

[1] In February 2022, SUNY Fredonia produced heavily-redacted emails sent or received by Isaacson. These likely reflect his assessments and steps considered. A sample of these records is collected as **Exhibit 52**. Isaacson said calls were to be documented in a police report and "narratives" provided. (Ex. 52 at 8.) The report and narratives have not been produced.

records relating to contacts with other law enforcement agencies. These records were requested in February 2022, April 2022, and April 2023. (Exs. 47, 49, 50.)

**2. Communications underlying Isaacson's analyses.** Isaacson will testify as to "the threats and disruption," and his declaration relies on these records (*e.g.*, Isaacson Decl. ¶¶ 14, 16 ("significant percentage" of "social media posts")). In April, Plaintiff requested via FOIL any records concerning threats or evidencing Defendants' "ongoing concerns for your safety." (Ex. 50.)

**3. Efforts to assess and respond to public hostility, and communications among SUNY Fredonia leadership.** These records will reflect the measures that SUNY Fredonia officials considered, took, or rejected. These include the future "contingency plans" Isaacson recommended (Isaacson Decl. Ex. C at 4), communications with Chief Isaacson and President Kolison concerning Kershnar or the public response (*e.g.*, unredacted versions of heavily-redacted records produced or withheld in response to a February 2022 FOIL (Exs. 47, 52)), records relating to Isaacson's seizure of Kershnar's computer (Ex. 48), and communications with SUNY's leadership (Ex. 51).

**4. Research relied upon by Isaacson.** Isaacson relies upon, but does not identify, "research" showing that "nearly all acts of targeted violence" are not preceded by "an explicit threat," research concerning "behavioral leakage" and the "pathway to violence." (Isaacson Decl. ¶¶ 27, 45, Ex. C at 5–6.). We would like to have our expert(s) review that information prior to the hearing.

Plaintiff respectfully asks that the Court order that the Defendants comply with its prior orders by producing the unredacted (non-privileged) records responsive to the FOIL requests and the records identified above, or confirm in writing that no such records exist. Alternatively, Plaintiff respectfully asks that the Court schedule a video conference to address Defendants' failure to produce the required documents.

Respectfully submitted,

*/s/ Adam Steinbaugh*
Adam Steinbaugh*
FOUNDATION FOR INDIVIDUAL RIGHTS
  AND EXPRESSION
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
adam@thefire.org

*Admitted pro hac vice.

Hon. Lawrence J. Vilardo
August 24, 2023
Page 4 of 4


cc:	Counsel of record (via ECF)