

**Adam Steinbaugh <adam@thefire.org>**

---

## [Kershnar v. Kolison] Records requested in re: evidentiary hearing

---

**Pantzer, Alyssa** <Alyssa.Pantzer@ag.ny.gov>　　　　　　　　　　Mon, Aug 21, 2023 at 10:48 AM
To: Adam Steinbaugh <adam@thefire.org>
Cc: Amanda Workman <aworkman@lglaw.com>, Barry Covert <bcovert@lglaw.com>, Bob Corn-Revere <bob.corn-revere@thefire.org>, "Boyd, Christopher" <Christopher.Boyd@ag.ny.gov>, Josh Bleisch <josh.bleisch@thefire.org>, Kelley Bregenzer <kelley.bregenzer@thefire.org>, "Kimura, Jennifer" <Jennifer.Kimura@ag.ny.gov>, Natalie Ekberg <natalie.ekberg@thefire.org>

Adam,

We will provide Defendants' exhibit and witness lists as well as the attendant exhibits on August 23, 2023 per the Court's directives at our conference and written text order.

Best,

Alyssa

Alyssa Jordan Pantzer

Assistant Attorney General

New York State Office of the Attorney General

Buffalo Regional Office

350 Main Street

Main Place Tower, Suite 300A

Buffalo, NY 14202

716-853-8476

Alyssa.Pantzer@ag.ny.gov

---

**From:** Adam Steinbaugh <adam@thefire.org>
**Sent:** Friday, August 18, 2023 7:29 PM
**To:** Pantzer, Alyssa <Alyssa.Pantzer@ag.ny.gov>
**Cc:** Amanda Workman <aworkman@lglaw.com>; Barry Covert <bcovert@lglaw.com>; Bob Corn-

Revere <bob.corn-revere@thefire.org>; Boyd, Christopher <Christopher.Boyd@ag.ny.gov>; Josh Bleisch <josh.bleisch@thefire.org>; Kelley Bregenzer <kelley.bregenzer@thefire.org>; Kimura, Jennifer <Jennifer.Kimura@ag.ny.gov>; Natalie Ekberg <natalie.ekberg@thefire.org>
**Subject:** Re: [Kershnar v. Kolison] Records requested in re: evidentiary hearing

Counsel —

The Court's written order was that by "8/23/2023, parties to submit documents being relied upon during the hearing, as stated on the record." Those records include, as directed in the Court's oral order, the documents Barry Covert discussed, which were the subject of public records requests — some going as far back as February 2022.

The Court did so in order to allow the parties — and their experts — to prepare for the hearing. Producing those records at the hearing would frustrate the ability of plaintiffs' experts to prepare, and burden Plaintiff's ability to make efficient use of the Court's time.

If Defendants do not intend to comply with the Court's order, please apprise me immediately so that we may bring it to the Court's attention.

Regards,

Adam Steinbaugh
Sent via iPhone
adam@thefire.org

On Fri, Aug 18, 2023 at 5:14 PM Pantzer, Alyssa <Alyssa.Pantzer@ag.ny.gov> wrote:

> Counselors,
>
> At our conference yesterday, the Court ordered that, by August 23, 2023, Defendants are to provide their witness and exhibit lists for the evidentiary hearing scheduled on September 13 and 14, 2023. Plaintiff's exhibit and witness lists are due on August 28, 2023. Additionally, per the text order (Dkt. 23), by August 23, 2023, *all* "parties are to submit documents being relied upon during the hearing[.]" To the extent your email below contains document demands in the form of expedited discovery, Defendants are under no obligation to provide responses to those demands prior to the evidentiary hearing, especially in light of Defendants' pending motion to dismiss, which, if granted, will foreclose any entitlement to any type of document discovery in this matter.

That said, per the Court's directives, Defendants plan to provide their witness and exhibit lists as well as the exhibits Defendants intend to rely upon for the evidentiary hearing on August 23, 2023.

Thank you,

Alyssa

Alyssa Jordan Pantzer

Assistant Attorney General

New York State Office of the Attorney General

Buffalo Regional Office

350 Main Street

Main Place Tower, Suite 300A

Buffalo, NY 14202

716-853-8476

Alyssa.Pantzer@ag.ny.gov

---

**From:** Adam Steinbaugh <adam@thefire.org>
**Sent:** Thursday, August 17, 2023 8:57 PM
**To:** Kimura, Jennifer <Jennifer.Kimura@ag.ny.gov>; Pantzer, Alyssa <Alyssa.Pantzer@ag.ny.gov>
**Cc:** Barry Covert <bcovert@lglaw.com>; Bob Corn-Revere <bob.corn-revere@thefire.org>; Josh Bleisch <josh.bleisch@thefire.org>; Natalie Ekberg <natalie.ekberg@thefire.org>; Amanda Workman <aworkman@lglaw.com>; Kelley Bregenzer <kelley.bregenzer@thefire.org>
**Subject:** [Kershnar v. Kolison] Records requested in re: evidentiary hearing

**[EXTERNAL]**

Counsel --

Below are the categories of evidence/documents that we were referencing during today's status conference; Judge Vilardo indicated that documents/evidence must be produced to us on or before August 23, 2023.

A. Evidence/documents responsive to the attached Freedom of Information Law Requests that were filed on the following dates:

1. February 3, 2022, to SUNY Fredonia
2. March 9, 2022, to SUNY Fredonia
3. April 18, 2022, to SUNY Fredonia
4. April 25, 2023, to SUNY System (request highlighted)
5. April 26, 2023, to SUNY Fredonia

B. Any and all records/evidence/documents that your proposed witnesses reviewed or relied upon, or which they intend to review or rely upon to prepare pleadings in relation to this matter or to prepare for their testimony at the upcoming evidentiary hearing, including the categories of documents in "C" below.

C. The following records:

1. Records/evidence/documents concerning any form of threats to the Fredonia community, the SUNY Fredonia community, or Dr. Kershnar, as well as records/evidence/documents which could evidence "the ongoing concerns for your safety and the safety of others" referenced in David Starrett's letters dated August 24, September 9, and November 1, 2022.
2. Records/evidence/documents obtained by SUNY (including SUNY Fredonia, the SUNY University Police Department) concerning Kershnar/others' response to his comments.
3. Any records/evidence/documents pertaining to A1C Partners, including but not limited to any analysis, communications and/or contracts.
4. Any and all security/safety assessments (including any drafts thereof).
5. Records/evidence/documents discussing any proposed safety or security measures relating to the security or safety of the Fredonia community, the SUNY Fredonia community and/or Dr. Kershnar; this includes all such records/evidence/documents that involve other law enforcement agencies.
6. Any records/evidence/documents relating to any review or evaluation or analyses of Dr. Kershnar's computer, and/or any documentary or electronic communications; including any contracts or agreements with third parties.
7. Any records/evidence/documents pertaining to any communications to/from Kolison, Starrett, Isaacson, or Charles Holder that relate to Dr. Kershnar.
8. Any records/evidence/documents that pertain to complaints and/or comments from students, students' relatives, donors, or elected officials concerning Dr. Kershnar.
9. Any records/evidence/documents that constitute communications between any person in the Chancellor's Office or SUNY Government Relations, on

   the one hand, and SUNY Fredonia or any elected official, on the other, concerning Kershnar.
10. Any annual budget and budget-to-actuals for the SUNY Fredonia police since January 1, 2022.
11. Records/evidence/documents pertaining to the "training" provided by Brent Isaacson to University Police chiefs as referenced in Paragraph 11 of his declaration.
12. Records/evidence/documents that any witness has reviewed pertaining to campus safety related issues, including manuals, policies and/or training materials.

Please don't hesitate to let us know if we can clarify any of these categories.

Thanks in advance,

**Adam B. Steinbaugh**
Attorney*

Foundation for Individual Rights and Expression

510 Walnut Street

Suite 1250

Philadelphia, PA 19106
(215) 717-3473

adam@thefire.org

*This communication may contain information that is confidential or privileged. Unless you are the addressee (or authorized to receive this message by the addressee), you may not use, copy, or disclose the contents of this message or information contained in this message to anyone. If you believe that you have received this message in error, please advise the sender and delete this message.*

*\* Admitted in California and Pennsylvania*

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.