01:57PM

```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK


    _____
    STEPHEN KERSHNAR,
                                              Case No. 1:23-CV-525
                        Plaintiff,                       (LJV)

    vs.                                       August 17, 2023

    STEPHEN H. KOLISON, JR., in his
    individual capacity and his
    official capacity as the President
    of the State University of New York
    at Fredonia, and

    DAVID STARRETT, in his individual
    capacity and official capacity as
    Executive Vice President and
    Provost of the State University of
    New York at Fredonia,

                        Defendants.
    _____


        STATUS CONFERENCE via ZOOM FOR GOVERNMENT VIDEOCONFERENCE
              BEFORE THE HONORABLE LAWRENCE J. VILARDO
                    UNITED STATES DISTRICT JUDGE


    APPEARANCES:     LIPSITZ GREEN SCIME CAMBRIA LLC
                     BY: BARRY N. COVERT, ESQ.
                         42 Delaware Avenue
                         Suite 300
                         Buffalo, New York 14202

                     FOUNDATION FOR INDIVIDUAL RIGHTS & EXPRESSION
                     BY: ADAM B. STEINBAUGH, ESQ.
                         510 Walnut Street
                         Suite 1250
                         Philadelphia, Pennsylvania 19106
                     BY: ROBERT CORN-REVERE, ESQ.
                         700 Pennsylvania Avenue SE
                         Suite 340
                         Washington, DC 20003
                     For the Plaintiff
```

```
 1                    LETITIA A. JAMES
                      NEW YORK STATE ATTORNEY GENERAL
 2                    BY:  ALYSSA JORDAN PANTZER, ESQ.
                           Assistant NYS Attorney General
 3                         Health Care Bureau
                           28 Liberty Street
 4                         19th Floor
                           New York, New York 10005
 5                    BY:  JENNIFER METZGER KIMURA, ESQ.
                           Assistant NYS Attorney General
 6                         350 Main Street
                           Suite 300 A
 7                         Buffalo, New York 14202
                      For the Defendant
 8
      DEPUTY CLERK:   COLLEEN M. DEMMA
 9
      COURTREPORTER:  ANN M. SAWYER, FCRR, RPR, CRR
10                    Robert H. Jackson Courthouse
                      2 Niagara Square
11                    Buffalo, New York 14202
                      Ann_Sawyer@nywd.uscourts.gov
12

13                *   *   *   *   *   *   *   *

14

15          (Proceedings commenced at 2:03 p.m.)

16          THE COURT:  Can everyone hear me?

17          THE CLERK:  Yes, Judge.  I'll call the case.

18          United States District Court for the Western District

19   of New York is now in session, the Honorable Lawrence J.

20   Vilardo presiding.

21          23-CV-525, Kershnar versus Kolison, et al.

22          Attorneys Barry Covert, Adam Steinbaugh, and Robert

23   Corn-Revere on behalf of the plaintiff.

24          Assistant Attorneys General Jennifer Metzger Kimura

25   and Alyssa Pantzer appearing on behalf of the defendants.
```

```
02:04PM   1              All parties are appearing by Zoom videoconference.
02:04PM   2              This is the date set for a status conference.
02:04PM   3              THE COURT:  Okay.  Good afternoon, everyone.
02:04PM   4              Let me start by saying what I've been saying at the
02:04PM   5   beginning of all these conferences that I've done by Zoom or
02:04PM   6   by phone, and that's no one is to record or rebroadcast this
02:04PM   7   in any way.  That's under penalty of contempt and the
02:04PM   8   sanctions that might go along with it.
02:04PM   9              Okay.  So the reason I thought I would get everyone
02:04PM  10   together was that I do think that we need a hearing,
02:04PM  11   especially given the local rules for the Western District that
02:04PM  12   I've familiarized myself with, and I think I do need a
02:05PM  13   hearing.  So I'd like to schedule that in relatively short
02:05PM  14   order, and I didn't think that that was a good enough reason
02:05PM  15   to bring folks from out of town here, so I thought that we
02:05PM  16   could do this by Zoom.
02:05PM  17              So when can we -- when can we do the hearing?  How
02:05PM  18   long is the hearing going to last, and when can we do it?
02:05PM  19   Thoughts from either side.
02:05PM  20              I'll hear from the defense first, since it's the
02:05PM  21   defense that has been pushing for -- or, that was pushing for
02:05PM  22   the hearing, so I'll hear from you folks, first.
02:05PM  23              MS. KIMURA:  Judge, you know, we would like as long
02:05PM  24   as possible.  We were thinking at some point in October.
02:05PM  25              One of the things was that we were looking into
```

| | | |
|---|---|---|
| 02:05PM | 1 | getting an expert as it relates to -- we brought it up I think |
| 02:05PM | 2 | during oral argument or in our papers about getting an expert |
| 02:06PM | 3 | or a psychologist or psychiatrist, you know, that's -- that's |
| 02:06PM | 4 | what we were initially thinking. |
| 02:06PM | 5 | THE COURT:  I'd like to do it before October.  I'd |
| 02:06PM | 6 | like to do it sooner than that, but I hear what you're saying. |
| 02:06PM | 7 | What's the plaintiff's position?  Who's going to |
| 02:06PM | 8 | speak? |
| 02:06PM | 9 | MR. COVERT:  I will, Your Honor.  And please let me |
| 02:06PM | 10 | know if you can't hear me. |
| 02:06PM | 11 | THE COURT:  I can hear you. |
| 02:06PM | 12 | MR. COVERT:  Thank you, Judge. |
| 02:06PM | 13 | I think that a reasonable period of time, given that |
| 02:06PM | 14 | we are towards the middle of August and we have Labor Day |
| 02:06PM | 15 | coming up, would be shortly after Labor Day. |
| 02:06PM | 16 | THE COURT:  Yeah, I think -- yeah, I was thinking |
| 02:06PM | 17 | toward the middle of -- the second, third week in September, |
| 02:06PM | 18 | somewhere in through there -- |
| 02:06PM | 19 | MR. COVERT:  Yes. |
| 02:06PM | 20 | THE COURT:  -- is what I was thinking. |
| 02:06PM | 21 | MR. COVERT:  Yes.  And, Your Honor, if I can just |
| 02:06PM | 22 | state as well, what we would propose is our -- obviously, the |
| 02:06PM | 23 | defendant's request for this factual hearing and their |
| 02:06PM | 24 | witnesses will dictate to a large extent who our witnesses are |
| 02:07PM | 25 | going to be.  So the sooner -- we do anticipate that we will |

| | | |
|---|---|---|
| 02:07PM | 1 | call witnesses, I want to make that clear.  Who those |
| 02:07PM | 2 | witnesses will be, will be dictated by the experts that they |
| 02:07PM | 3 | name, and the summary that they provide as a standard as to |
| 02:07PM | 4 | what that expert will testify to. |
| 02:07PM | 5 | We already have discussed who our potential experts |
| 02:07PM | 6 | will be, but we don't want to address issues that are not |
| 02:07PM | 7 | raised by the defense in the factual hearing.  So the sooner |
| 02:07PM | 8 | they can identify their factual witnesses, we will be able to |
| 02:07PM | 9 | determine ours.  But I don't see any reason why we can't do |
| 02:07PM | 10 | that in the second or third week of September. |
| 02:07PM | 11 | We will also ask for the immediate disclosure, |
| 02:07PM | 12 | because we anticipate that there's no doubt that they're going |
| 02:07PM | 13 | to be calling the FBI agent, for example, that submitted an |
| 02:07PM | 14 | affidavit, and that those individuals will be relying upon |
| 02:07PM | 15 | some documents that can be shared at this point.  We have |
| 02:08PM | 16 | tried through FOIA since basically the inception of the case |
| 02:08PM | 17 | to get a copy of any police reports that are related to this |
| 02:08PM | 18 | 911 calls, social media documents relating to threats, police |
| 02:08PM | 19 | reports from the local police department if anything was |
| 02:08PM | 20 | referred out.  The sooner they can get that to us for our |
| 02:08PM | 21 | experts to review to come up with their opinions, we can share |
| 02:08PM | 22 | then that review and our opinion with the defendants, that |
| 02:08PM | 23 | would be appreciated.  But I agree with the Court, second or |
| 02:08PM | 24 | third week of September, there is no reason we can't all |
| 02:08PM | 25 | accommodate that as a return date for a factual hearing. |

| | | |
|---|---|---|
|02:08PM|1|          THE COURT:  Okay.  And how long do we think this|
|02:08PM|2|hearing's going to take?  I mean, I don't want to set aside|
|02:08PM|3|more than a day or two for it.|
|02:08PM|4|          MR. COVERT:  I suspect two days, Your Honor.  I don't|
|02:08PM|5|know how many witnesses they're going to call.  I suspect|
|02:08PM|6|we're probably going to call two witnesses.  I don't think|
|02:08PM|7|that any of these witnesses are going to be particularly long|
|02:08PM|8|with relation to their direct or their cross-examination, I|
|02:09PM|9|don't want to speak for the defendants, but I anticipate --|
|02:09PM|10|especially if we can get disclosure of all related|
|02:09PM|11|documents --|
|02:09PM|12|          THE COURT:  Right.|
|02:09PM|13|          MR. COVERT:  -- that have been reviewed now, and|
|02:09PM|14|aren't asking for them at the time of the hearing to determine|
|02:09PM|15|what they're relying upon.  I -- I would carve out two days,|
|02:09PM|16|Your Honor, and hope that we don't need the entire two days.|
|02:09PM|17|          THE COURT:  So, Ms. Kimura, let me ask you, who do|
|02:09PM|18|you anticipate calling?  I mean, obviously, you'll end up --|
|02:09PM|19|you anticipate calling Mr. Isaacson, right?|
|02:09PM|20|          MS. KIMURA:  Yes, that was definitely on our list.|
|02:09PM|21|We were looking through, you know, any of the witnesses that|
|02:09PM|22|we submitted.  I think that Lisa Melohusky might be one.|
|02:09PM|23|          I -- we were looking into getting the psychiatrist or|
|02:09PM|24|psychiatrist, but that was the -- other than that, you know,|
|02:09PM|25|and I didn't actually carve out the rest of the now proposed|

| | | |
|---|---|---|
| 02:09PM | 1 | witnesses. |
| 02:09PM | 2 | THE COURT: Yeah, no, no, and I'm not asking -- and |
| 02:09PM | 3 | I'm not asking you to commit to that now, I just want to get a |
| 02:10PM | 4 | sense. |
| 02:10PM | 5 | MS. KIMURA: And I also would probably call the new |
| 02:10PM | 6 | interim chief of police, who is Charles Holder. |
| 02:10PM | 7 | THE COURT: I take it you're not going to call the |
| 02:10PM | 8 | president, because the motivation behind the decision is not a |
| 02:10PM | 9 | question of fact, right? The motivation behind -- we're all |
| 02:10PM | 10 | agreeing that the motivation, or at least your position is |
| 02:10PM | 11 | that the motivation is the safety, and so that's the only real |
| 02:10PM | 12 | issue is the safety issue, right? |
| 02:10PM | 13 | MS. KIMURA: Yes, Your Honor. |
| 02:10PM | 14 | THE COURT: Do you agree with that, Mr. Covert? |
| 02:10PM | 15 | MR. COVERT: We agree that that's their position. |
| 02:10PM | 16 | THE COURT: Right. |
| 02:10PM | 17 | MR. COVERT: Depending upon what their experts are |
| 02:10PM | 18 | going to testify to, would -- and whether that opens that |
| 02:10PM | 19 | door, that we would want to have him called or not. |
| 02:10PM | 20 | I personally would like to keep this as simple as |
| 02:10PM | 21 | possible, this -- |
| 02:10PM | 22 | THE COURT: Yep. |
| 02:10PM | 23 | MR. COVERT: -- relying upon the safety. |
| 02:10PM | 24 | THE COURT: Yep. |
| 02:10PM | 25 | MR. COVERT: But if they want -- if they want to open |

```
02:10PM   1    that door --
02:10PM   2         THE COURT:  Yep.
02:10PM   3         MR. COVERT:  -- and start bringing in other factors,
02:10PM   4    then I don't want to preclude us from addressing them
02:10PM   5    appropriately.
02:10PM   6         THE COURT:  Absolutely.  Okay.  So, Colleen, what
02:11PM   7    does our -- what does our schedule look like?  We'll propose
02:11PM   8    some dates and see if that might work for folks.
02:11PM   9         THE CLERK:  Okay, Judge.
02:11PM  10         MS. PANTZER:  Sorry.  Just one hurdle that we have
02:11PM  11    with the mid-September date, Your Honor, I did want to -- and
02:11PM  12    we'll -- we'll adjust as necessary, as the Court deems
02:11PM  13    necessary.  But Chief Isaacson is retired, and he does intend
02:11PM  14    to travel essentially across country with an RV from -- in the
02:11PM  15    mid-September area.  So he had indicated early October,
02:11PM  16    because he'll be set in one city, and he'll know where he's
02:11PM  17    traveling back to Buffalo from.
02:11PM  18         I just -- I understand the Court wants to get this
02:11PM  19    done sooner, rather than later, but I did want just, you know,
02:11PM  20    to point that out.
02:11PM  21         THE COURT:  Let me ask you this.  When is he leaving?
02:11PM  22         MS. PANTZER:  He's leaving early September.
02:11PM  23         THE COURT:  Colleen --
02:12PM  24         MR. COVERT:  Your Honor, if we want to do this the
02:12PM  25    second week of September, that actually works best for us.
```

```
02:12PM   1   Mr. Steinbaugh just texted me that he's going to be traveling
02:12PM   2   September 20th, and he would prefer to be here.  But if we --
02:12PM   3   if he's not able to be here because of his schedule, it is
02:12PM   4   what it is, and we will proceed.  But the second week of
02:12PM   5   September, if we can let Mr. Isaacson know now, I would assume
02:12PM   6   that he can accommodate that if we let him know now to make
02:12PM   7   sure he's there if we choose the second week of September.
02:12PM   8              MS. PANTZER:  So September 11th and 12th, all of the
02:12PM   9   Buffalo regional office assistant attorney generals, including
02:12PM  10   Jenna and I, will be in Albany for a camp -- we call it Camp
02:12PM  11   AG -- so, for training.  So that, those two days definitely
02:12PM  12   aren't going to be available for Jenna and I.  But otherwise,
02:12PM  13   we'll work around the Court's schedule, certainly.
02:12PM  14              MR. COVERT:  Your Honor, my -- my calendar, the 13th,
02:13PM  15   14th and 15th are wide open.  If the Court would want to give
02:13PM  16   them a day to travel, I don't find that to be unreasonable.
02:13PM  17   And then we can -- so they travel on the 13th back from their
02:13PM  18   camp, and then we can conduct this on the 14th and 15th, would
02:13PM  19   be wide open for me.
02:13PM  20              THE COURT:  What's my calendar look like, Colleen?
02:13PM  21              THE CLERK:  So, Judge, I have you out of the district
02:13PM  22   on Friday the 15th.
02:13PM  23              THE COURT:  Oh, right.
02:13PM  24              THE CLERK:  Okay?
02:13PM  25              THE COURT:  Yes, right.
```

| | | |
|---|---|---|
| 02:13PM | 1 | THE CLERK: We do have Wednesday, September 13, is |
| 02:13PM | 2 | wide open. And Thursday, I can certainly move around some |
| 02:13PM | 3 | things to free that day up. |
| 02:13PM | 4 | THE COURT: So is the 13th and 14th doable? |
| 02:13PM | 5 | MS. KIMURA: I, Your Honor, I think the 13th we are |
| 02:13PM | 6 | still -- it's that Wednesday, we're still at the AG Camp. |
| 02:13PM | 7 | MR. COVERT: How about -- how about the 14th and the |
| 02:13PM | 8 | 18th, Your Honor? |
| 02:13PM | 9 | THE CLERK: Judge -- |
| 02:13PM | 10 | THE COURT: Go ahead. |
| 02:13PM | 11 | THE CLERK: Judge, you're not here the week of the |
| 02:13PM | 12 | 18th. |
| 02:13PM | 13 | THE COURT: I'm gone that entire -- |
| 02:14PM | 14 | THE CLERK: That's -- |
| 02:14PM | 15 | THE COURT: -- oh, yeah, I know what that week is, |
| 02:14PM | 16 | yes. |
| 02:14PM | 17 | THE CLERK: Yep. |
| 02:14PM | 18 | MR. COVERT: Your Honor, they're the ones asking for |
| 02:14PM | 19 | the hearing, so I think that unfortunately we need to -- we're |
| 02:14PM | 20 | trying to accommodate their schedules, but I think the 13th |
| 02:14PM | 21 | and 14th. |
| 02:14PM | 22 | THE COURT: We can do the 13th and 14th, Colleen? |
| 02:14PM | 23 | THE CLERK: Yes, Judge. |
| 02:14PM | 24 | THE COURT: Okay. Let's do that. Let's do that. |
| 02:14PM | 25 | Let's do the 13th and 14th. And -- and, yes, I want a witness |

| | | |
|---|---|---|
| 02:14PM | 1 | list from the defendants.  Let's say -- today is the 17th?  So |
| 02:14PM | 2 | I'll want a witness list from the defendants by no later than |
| 02:14PM | 3 | next Wednesday.  What's that, the 20 -- |
| 02:14PM | 4 | THE CLERK:  The 23rd, Judge. |
| 02:14PM | 5 | THE COURT:  -- the 23rd?  Okay.  And then I'll want |
| 02:14PM | 6 | the same from the plaintiffs no later than the following |
| 02:15PM | 7 | Monday. |
| 02:15PM | 8 | THE CLERK:  The 28th. |
| 02:15PM | 9 | THE COURT:  And -- |
| 02:15PM | 10 | MS. PANTZER:  Your Honor, just -- I understand that |
| 02:15PM | 11 | we are the ones requesting the hearing.  But I believe the |
| 02:15PM | 12 | burden on a preliminary injunction is with plaintiffs.  Is |
| 02:15PM | 13 | there any way we can switch the order in order for plaintiffs |
| 02:15PM | 14 | to submit the witness list first?  We've -- we've essentially |
| 02:15PM | 15 | identified our witnesses, Your Honor, by providing all of the |
| 02:15PM | 16 | declarations in support of our motion.  I mean -- |
| 02:15PM | 17 | THE COURT:  Well, then, that's easy.  So then your -- |
| 02:15PM | 18 | then your witness list is what it is, and you've just given it |
| 02:15PM | 19 | to the plaintiffs. |
| 02:15PM | 20 | MS. PANTZER:  Well, I think we all -- |
| 02:15PM | 21 | THE COURT:  So the plaintiffs don't think there's a |
| 02:15PM | 22 | need for an evidentiary hearing.  You folks have said there's |
| 02:15PM | 23 | a need for the hearing.  So, I mean, it is the burden of the |
| 02:15PM | 24 | plaintiff to get the preliminary injunction but, I mean, I |
| 02:15PM | 25 | think the whole purpose of the hearing is for you folks to |

```
02:16PM   1    convince me that the reason behind your decision, that is that
02:16PM   2    there is a danger on the -- in the community, is a real
02:16PM   3    danger.
02:16PM   4             I mean, I suppose I can make the plaintiffs go first,
02:16PM   5    but the plaintiffs are just going to, you know, put on
02:16PM   6    somebody that says there's no danger there.  And it just seems
02:16PM   7    to me we'll have things backwards, given where we are on this.
02:16PM   8             I'm happy to listen.  I'm happy to -- to listen to
02:16PM   9    your thoughts on this as to why the plaintiffs should go
02:16PM  10    first, but it doesn't seem to me to be a situation where they
02:16PM  11    should.
02:16PM  12             MR. COVERT:  Your Honor, I think you're right.  And
02:16PM  13    our position is we submit on the papers, so we think the Court
02:16PM  14    can rule based on what's been submitted.  So if they want to
02:16PM  15    rebut and provide proof that there's -- that they can
02:16PM  16    establish a need for is continued -- I don't want to
02:17PM  17    characterize it, but --
02:17PM  18             THE COURT:  No, no, no, I understand what you're
02:17PM  19    saying, Mr. Covert, and I think I agree with you.  So, yeah, I
02:17PM  20    don't see a reason to switch the order of the submissions.  I
02:17PM  21    mean, you just made it pretty clear, Ms. Pantzer, that it's
02:17PM  22    not going to be that onerous for you to provide a witness
02:17PM  23    list.
02:17PM  24             So, yeah, I think do that.  Exchange the documents
02:17PM  25    that Mr. Covert's talking about.  Get that done in short
```

```
02:17PM   1   order, and let's do the hearing in short order.
02:17PM   2              MR. COVERT:  Your Honor, I don't see any reason that
02:17PM   3   the AG's office does not immediately provide us with all
02:17PM   4   related documents that have been reviewed by the experts or
02:17PM   5   relied upon by them in any way, shape, or form establish a
02:17PM   6   threat to the community, the college campus, Mr. Kershnar.
02:17PM   7   But in any event, I would think the latest that they should
02:17PM   8   have to turn it over, I'd prefer it today, is when they submit
02:18PM   9   their witness list.
02:18PM  10              THE COURT:  I think that's right.  Yeah, I want to
02:18PM  11   give them a little time to take a look at things, Mr. Covert.
02:18PM  12              MR. COVERT:  We're fine with that.
02:18PM  13              THE COURT:  When they submit their witness list, they
02:18PM  14   should get to you anything that they are going to rely on in
02:18PM  15   the hearing, and the things that -- the categories of
02:18PM  16   documents that you're talking about, I don't see any reason --
02:18PM  17   I mean, unless there are objections to it, in which case you
02:18PM  18   tell me what the objections are.  But I just don't see any
02:18PM  19   reason that you could object to the sorts of things Mr. Covert
02:18PM  20   is talking about.
02:18PM  21              MR. COVERT:  The only reason I raise this, and I'm a
02:18PM  22   bit weary, is just because we don't -- it's inexplicable that
02:18PM  23   we filed -- and I won't get into chapter and verse, but we
02:18PM  24   filed many, many FOIA requests.
02:18PM  25              THE COURT:  I understand.
```

```
02:18PM   1              MR. COVERT:  And none of them have been complied
02:18PM   2   with.  So I really think that we need to not be in a position
02:18PM   3   where we're litigating the disclosure of information.
02:18PM   4              THE COURT:  Yep, I understand that.  And I hope that
02:18PM   5   that is not going to be the case.  If it is, I will rule on
02:18PM   6   things that I have to rule on.  But I certainly don't like
02:19PM   7   ambushes, and so I would like the defense to turn over any
02:19PM   8   documents that they are, as I said, going to rely on, or are
02:19PM   9   in the categories that Mr. Covert was talking about to the
02:19PM  10   plaintiff.
02:19PM  11              And, by the same token, the plaintiff should turn
02:19PM  12   over any documents that it has on which it will rely, anything
02:19PM  13   that is relatively relevant to this hearing, to the defense.
02:19PM  14   And let's make that date the same, so everybody turns it over
02:19PM  15   by next Wednesday.
02:19PM  16              MR. COVERT:  Very good.
02:19PM  17              THE COURT:  Okay.
02:19PM  18              MS. PANTZER:  Your Honor, one quick thing.  Just
02:19PM  19   because we are going to be in Albany for the trainings, is
02:19PM  20   there any way we can get a little bit of a later start time on
02:19PM  21   the 13th?  Do you think that's possible?
02:19PM  22              I don't know if you think it's going to take a full
02:19PM  23   two days.  If we do, then maybe not.  But I'm thinking maybe
02:19PM  24   like an 11 or afternoon.
02:19PM  25              THE COURT:  Yeah, I don't have a problem -- you know
```

```
02:19PM   1    what?  Let's plan on doing that.  And then let's plan on going
02:20PM   2    straight through without a lunch that day.
02:20PM   3              MR. COVERT:  Your Honor, I don't know what the
02:20PM   4    Court's rules are, but if we can perhaps go a little bit later
02:20PM   5    on Wednesday --
02:20PM   6              THE COURT:  Yeah.
02:20PM   7              MR. COVERT:  -- and then agree that we're just going
02:20PM   8    to finish on Thursday, as late as it takes, and as long as it
02:20PM   9    doesn't violate any rules, I want to accommodate their travel
02:20PM   10   schedule, I think they're being reasonable in requesting that.
02:20PM   11             THE COURT:  Yeah, and maybe I'll set some time limits
02:20PM   12   just to fit things in so you folks can decide what's important
02:20PM   13   and what's not important and do it that way.  We can limit the
02:20PM   14   length of the hearing that way.
02:20PM   15             But, no, I don't see any problem at all with starting
02:20PM   16   at 11 on Wednesday.  That seems like a reasonable request, so
02:20PM   17   let's do that.
02:20PM   18             MR. COVERT:  Very good.
02:20PM   19             THE COURT:  Okay?  Anything else we need to do today?
02:21PM   20             MR. COVERT:  No, Your Honor.
02:21PM   21             THE COURT:  Terrific. Okay. Thanks, everybody. And
02:21PM   22   we'll see you in several weeks.
02:21PM   23             MR. COVERT:  Thank you, Your Honor.
02:21PM   24             (Proceeding concluded at 2:21 p.m.)
          25                  *     *     *     *     *     *     *
```

## CERTIFICATE OF REPORTER

In accordance with 28, U.S.C., 753(b), I certify that these original notes are a true and correct record of proceedings in the United States District Court for the Western District of New York on August 17, 2023.

s/ Ann M. Sawyer
Ann M. Sawyer, FCRR, RPR, CRR
Official Court Reporter
U.S.D.C., W.D.N.Y.