

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES  
BUFFALO REGIONAL OFFICE

August 29, 2023

Hon. Lawrence J. Vilardo  
United States District Judge  
Robert J. Jackson United States Courthouse  
2 Niagara Square  
Buffalo, NY 14202

**VIA CM/ECF**

      **RE:**   *Kershnar v. Kolison, et al.*  
             23-cv-525 (LJV)

Dear Judge Vilardo,

    Per the Court's text order (Dkt. 29), Defendants submit the following letter in response to Plaintiff's letter (Dkt. 27) seeking to compel document discovery in anticipation of the evidentiary hearing scheduled for September 13 and 14, 2023.

    On August 17, 2023, the Court issued a minute entry requiring Defendants to "submit documents being relied upon during the [evidentiary] hearing, as stated on the record," by August 23, 2023. Defendants have complied with the Court's Order – Defendants provided their exhibit list (as well as a witness list) and copies of all documents they intend to rely on at the evidentiary hearing (except for potential impeachment material as to Plaintiff's witnesses).

    Plaintiff now argues that his counsel's comments during the August 17, 2023 scheduling conference entitle him to broad and unilateral expedited discovery. During the conference, Plaintiff's counsel discussed materials responsive to Plaintiff's numerous FOIL requests. However, SUNY has responded to Plaintiff's FOIL requests, and as discussed further below, this is not the forum for Plaintiff to litigate the adequacy of SUNY's FOIL responses.

Plaintiff Has Not Moved for, and is Not Entitled to, Expedited Discovery

Despite having not been granted permission to engage in expedited discovery, Plaintiff sent Defendants thirteen overbroad and objectionable "discovery requests" demanding myriad evidence that have no probative value as to the scheduled evidentiary hearing, including: "any and all security/safety assessments" (presumably relating to any unrelated security issues, which would likely be subject to the law enforcement privilege); "any communications to/from Kolison, Starrett, Isaacson, or Charles Holder that relate to Dr. Kershnar," communications with "any person in the Chancellor's Office or SUNY Government Relations" and "any elected official" concerning Kershnar, and "any annual budget . . . for the SUNY Fredonia police." (Dkt. 27-1, at pp. 4-5). Many of these requests would be plainly improper even if Plaintiff had been authorized to seek discovery. *See Agerbrink v. Model Serv. LLC*, 2017 U.S. Dist. LEXIS 33249, at *6 (S.D.N.Y. Mar. 8, 2017) ("Courts have long held that requests for 'any and all' documents are generally improper.") (collecting cases).

Plaintiff demanded a response to these overbroad requests in four business days, which would be impossible to meet in any event. Fully complying with these requests would take weeks or potentially months and would require gathering and reviewing a substantial amount of electronically stored information (ESI).

The vast majority of these categories of documents were not mentioned during the Court conference and therefore cannot possibly fall within the categories that Plaintiff's counsel was talking about at the conference. And in any event, the Court made it clear that its concern was to avoid "ambushes" and Defendants have already turned over their exhibits list and each of the exhibits they intend to use, so that concern has been addressed. (Dkt. 28-1, Hearing Tr. 14:1-10).

Plaintiff could have moved for expedited discovery, which would have provided for more robust document disclosures above and beyond only the exhibits to be relied upon. But Plaintiff did not do so – instead, Plaintiff sought to conduct the evidentiary hearing as soon as feasible. Indeed, despite Defendants' request for additional time, which may have afforded time for limited pre-hearing discovery, Plaintiff demanded that the evidentiary hearing take place in mid-September, rather than early October as Defendants had initially suggested.

Even if Plaintiff had moved for expedited discovery, he would not be able to establish an entitlement to that relief in this case. When considering requests for expedited discovery, courts employ a four-factor test — a party must show: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. *Angiodynamics, Inc. v. Bailey*, No. 1:22-cv-979, 2022 U.S. Dist. LEXIS 239833, at *12 (N.D.N.Y. Dec. 8, 2022). Plaintiff has not addressed these factors and has not shown why expedited discovery is needed to avoid irreparable injury.

Full Expert Disclosure is Not Required Because Chief Isaacson is a Non-Retained Expert

Chief Isaacson will be presented as a non-retained, hybrid fact and expert witness so the full panoply of disclosure for a retained expert is not required. As to non-retained experts, "disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts

must take care against requiring undue detail. . . ." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. Notably, "[t]he (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present." *Id.* Defendants have already more than amply complied with the disclosure requirements for a non-retained expert. Chief Isaacson has provided a twenty-page declaration describing his testimony.

Plaintiff has Not Complied with the Local Rules for Compelling Discovery

Plaintiff's letter, effectively a motion to compel, must be denied for failing to comply with the Local Rules. W.D.N.Y. Local Rule 7(d)(3) requires that "[n]o motion for discovery and/or production of documents under Fed. R. Civ. P. 37 shall be heard unless accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made. Such affidavit shall detail the times and places of the parties' meetings or discussions." Plaintiff did not request a meet and confer or have any discussions with Defendants prior to proceeding with their motion to compel disguised as a letter. *McFadden v. Annucci*, No. 16-CV-6105FPG, 2022 U.S. Dist. LEXIS 211764, at *8 (W.D.N.Y. Nov. 22, 2022) ("failure to comply with the conferral requirement before filing the pending motions to compel is grounds to deny the motions"). Plaintiff did advise Defendants by email that they intended to seek relief from the Court, but this alone is insufficient. Indeed, the last communication Defendants received from Plaintiff's attorney was an email renewing their discovery demands, to which Defendants responded by stating that all exhibits to be used at the hearing will be provided. Defendants did not receive any response. *Cohane v. NCAA*, No. 04-CV-0181S(Sr), 2012 U.S. Dist. LEXIS 129282, at *4 (W.D.N.Y. Sep. 11, 2012) ("Plaintiff's counsel's reply that he advised defense counsel that he intended to move to compel production . . . is insufficient to meet this requirement.").

This Is Not the Forum to Litigate the Appropriateness of SUNY Fredonia's FOIL Responses

To the extent Plaintiff seeks to litigate whether or not SUNY adequately complied with his FOIL requests, Plaintiff has selected the improper forum. Plaintiff could have – but has not – filed an Article 78 proceeding, which is his only remedy if dissatisfied with SUNY's FOIL responses. It is well settled that "federal district courts do not have jurisdiction to consider FOIL claims." *Jeanty v. Utica Police Dep't*, No. 6:20-cv-00221 (BKS/TWD), 2021 U.S. Dist. LEXIS 51977, at *11 (N.D.N.Y. Mar. 19, 2021) (collecting cases). In any event, SUNY has confirmed that they have properly responded to Plaintiff's FOIL requests.

Conclusion

Plaintiff filed a motion seeking a preliminary injunction and pursuant to Local Rule 65 should have provided exhibit and witness lists at that time. W.D.N.Y. L.R. Civ. P. 65 ("application for a preliminary injunction shall include: . . . a list of witnesses and exhibits to be presented.") Plaintiff failed to do so and ultimately the Court ordered Defendants to provide their exhibit and witness lists first because Defendants requested the evidentiary hearing. But Defendants should not be penalized for insisting that Plaintiff comply with the applicable rules. Defendants did not raise a novel defense: Plaintiff was well aware that Defendants would seek to justify their actions based on safety concerns. (Dkt. 3-1, Pl's Mem. at 20). If Plaintiff felt he needed expedited discovery to meet his burden, the proper time and method to request that relief was in a motion when the application for a preliminary injunction was filed, not in an off-the-

cuff remark at a scheduling conference. Granting Plaintiff permission to take expansive and unilateral discovery at this point based on that colloquy would be inequitable. If the Court is inclined to authorize pre-hearing discovery it should be bilateral.

Defendants provided the materials required by the Court's text order on August 23, 2023, and are ready to proceed with the evidentiary hearing as scheduled on September 13 and 14, 2023 – should Plaintiff continue to demand expedited discovery, Plaintiff should be required do so by motion and in compliance with the applicable rules, which will inevitably delay the hearing that Plaintiff previously demanded go forward as soon as possible. Plaintiff's improper attempt to compel discovery should be denied.

        Respectfully submitted,

        *s/ Alyssa Jordan Pantzer*
        ALYSSA JORDAN PANTZER
        JENNIFER METZGER KIMURA
        Assistant Attorneys General, of Counsel
        *Attorneys for Defendants*

cc:    Counsels of Record (via CM/ECF)