

August 30, 2023

<u>**VIA ELECTRONIC FILING**</u>

Hon. Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

      Re:    *Kershnar v. Kolison*
             Civil Action No. 1:23-cv-525-LJV

Dear Judge Vilardo:

This reply to Defendants' letter of August 29, 2023, is provided pursuant to the Court's Order of August 25, 2023. ECF Nos. 29, 32.

The Court's directive regarding the production of relevant documents was unambiguous. Plaintiff's counsel asked that the Defendants be required to produce the records Plaintiff had sought by FOIL since the controversy began nineteen months ago, including specifically "police reports[,] 911 calls, social media documents relating to threats," contacts with law enforcement, and any documents that "in any way, shape, or form establish a threat." ECF No. 28-1 ("Tr.") at 5:11–20, 13:2–9. The Court agreed, directing Defendants to produce those records *in addition to* the exhibits they were selecting for the evidentiary hearing. Tr. at 12:24–13:1, 13:10–11, 13:15–20, 14:7–10. Plaintiff, too, was directed to "turn over," in addition to "any documents that it has on which it will rely," "anything that is relatively relevant to this hearing." Tr. at 14:11–15.[1]

---

[1]    The Court has "broad discretion" in managing pre-trial discovery. *Wood v. FBI*, 432 F.3d 78, 85 (2d Cir. 2005). The majority of courts in the Second Circuit apply a "flexible 'good cause' standard"—not a rigid irreparable harm standard—in evaluating expedited discovery. *R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194, 209 (W.D.N.Y. 2020). Even if Plaintiff were required to meet a standard tracking that of preliminary injunctions, it was met here: the threat to Kershnar's First Amendment rights is irreparable, Kershnar has demonstrated a likelihood of success, resolution of the matter turns on information solely available to Defendants, and Plaintiff has long sought that information from Defendants.

510 Walnut Street, Suite 1250  Philadelphia, PA 19106
phone: 215-717-3473  Fax: 215-717-3440
thefire.org

Hon. Lawrence J. Vilardo
August 30, 2023
Page 2 of 3

That directive is consistent with the minute order directing the parties to exchange—on the same date—all "documents being relied upon during the hearing," while requiring a separate, later date for Plaintiff to designate exhibits. ECF No. 23. If the Court intended the parties to only exchange exhibits, there would be no need for a later date for Plaintiff's designations. Likewise, that is why the Court indicated a willingness to "rule on things that I have to rule on" in the event that Defendants hesitated to disclose that information, including "the categories" of documents to which Plaintiff sought access. Tr. at 14:1–10.

Defendants now object to the scope of the requests, refusing to produce (for example) "security/safety assessments," even if they concern the Kershnar matter, except those they've selected as exhibits. ECF No. 32 at 2. They also refuse to produce a budget for the campus police, while insisting that Kershnar's return is possible only through a "financially prohibitive expansion of the University Police Department's staffing and capabilities[.]" ECF Nos. 32 at 2, 13-3 ¶ 52 (Decl. of Isaacson). And they refuse to produce communications Isaacson sent or received concerning Kershnar. ECF No. 32 at 2.

Plaintiff has made repeated efforts to get Defendants to produce these records—first through multiple public records requests, then by raising the need at the status conference, then by email immediately following the status conference, and then again after Defendants indicated that they would not comply with the Court's directives during the status conference. Even now Defendants insist that they are not obligated to produce records.

The interest in scrutinizing the claims that public safety compels censorship in higher education cannot be understated, as the heckler's veto "will nearly always be susceptible to being reimagined and repackaged as a means for protecting the public, or the speaker himself, from actual or impending harm." *Bible Believers v. Wayne Cnty.*, 805 F.3d 228, 255 (6th Cir. 2015); *see also Elrod v. Burns*, 427 U.S. 347, 373 (1976) (loss of First Amendment freedoms is always an irreparable injury). We respectfully submit that the Court can and should require the Defendants to honor the Court's prior rulings.

Respectfully submitted,

*/s/ Adam Steinbaugh*
Adam Steinbaugh*
Attorney
FOUNDATION FOR INDIVIDUAL RIGHTS
AND EXPRESSION
510 Walnut Street, Suite 1250

Hon. Lawrence J. Vilardo
August 30, 2023
Page 3 of 3

Philadelphia, PA 19106
Tel: (215) 717-3473, ext. 213
adam@thefire.org

*Admitted pro hac vice.*

cc:     Counsel of record (via ECF)