

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
BUFFALO REGIONAL OFFICE

August 31, 2023

Hon. Lawrence J. Vilardo
United States District Judge
Robert J. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY  14202

VIA CM/ECF

    RE:   *Kershnar v. Kolison, et al.*
           23-cv-525 (LJV)

Dear Judge Vilardo,

    On August 28, 2023, Plaintiff provided his witness list for the evidentiary hearing scheduled before this Court on September 13 and 14, 2023 identifying two expert witnesses: J.A. "Tony" Olivo and Dr. John K Wilson.  ([Dkt. 31](#)).  Plaintiff has not provided expert reports for either expert.  The only disclosure regarding the subject of Plaintiff's experts' opinions is the four-sentence description for each expert on Plaintiff's witness list.  Plaintiff has designated one expert to testify about security issues and one to testify as "an expert on academic freedom."  *Id*.  The Court made it clear during the August 17, 2023 conference that the evidentiary hearing would be limited to security issues and potential disruption.

    By email on August 29, 2023, Defendants raised these objections with Plaintiff and requested that Plaintiff promptly provide expert reports and that they withdraw their expert on academic freedom.  (Ex. 1 hereto).  Plaintiff responded on August 31, 2023, declining to withdraw Dr. Wilson and stating "[a]fter we review the additional documents that we believe that the Court will order Defendants to produce, we will reevaluate our disclosures."  (Ex. 1). Given that the evidentiary hearing is scheduled to start in two weeks, Defendants would be unfairly prejudiced by allowing Plaintiff to unilaterally decide if and when they will provide adequate disclosure.

Plaintiff Must be Required to Provide Expert Reports in Compliance with Rule 26(a)(2)

When a retained expert is disclosed, Federal Rule of Civil Procedure 26(a)(2) requires the disclosing party to provide a statement of the experts' opinions, facts, and data considered in formulating their opinions, qualifications, and a list of other cases in which they have served as expert witnesses, among other categories of information.  Plaintiff has failed to provide any of these required materials.

In order "[t]o avoid ambush, [Rule 26] requires a witness retained to provide expert testimony to produce an expert report giving, among other things, a complete statement of all opinions the witness will express and the basis and reasons for them." *Brutton v. United States*, 687 Fed. Appx. 56, 58 (2d Cir. 2017) (internal quotations omitted).  Here, Defendants have been left unaware as to the opinions that Plaintiff's experts will espouse at the evidentiary hearing and are therefore unable to adequately prepare to cross-examine those witnesses or meet that testimony.

"Upon a motion for a preliminary injunction a court must be guided by the evidentiary principles which would apply at trial and govern the admissibility of evidence, including in the form of expert." *Pass & Seymour, Inc. v. Hubbell, Inc*., 532 F. Supp. 2d 418, 436 (N.D.N.Y. 2007).  While courts sometimes relax rules of evidence and procedure at the preliminary injunction stage, permitting Plaintiff to call experts when Defendants have no idea what those experts' opinions are would be antithetical to the purpose of the rules.

Indeed, "the compressed timeline for preliminary injunction proceedings does not permit parties to deviate indiscriminately from Rule 26([a])(2)(B)." *Spurlock v. Fox*, No. 3:09-cv-0756, 2010 U.S. Dist. LEXIS 100366, at *17 (M.D. Tenn. Sep. 23, 2010); *see also Larue v. Colo. Bd. of Educ*., 2011 Colo. Dist. LEXIS 2271, *11 (Denver Dist. Ct. Aug. 1, 2011) (excluding expert where "Plaintiffs would have little meaningful opportunity for cross-examination" because "Plaintiffs received no expert report").

Expert reports are regularly exchanged prior to preliminary injunction hearings without controversy.  *See, e.g.*, *Jackpocket, Inc. v. Lottomatrix NY LLC*, No. 22-cv-5772, 2022 U.S. Dist. LEXIS 226464, at *6 (S.D.N.Y. Dec. 7, 2022) (expert reports provided for preliminary injunction witnesses); *Securities and Exchange Commission v. Lek Securities Corp.*, No. 17-cv-1789, 2017 WL 1184318, at *1 (S.D.N.Y. March 29, 2017) (same); *Nat'l Ass'n for Advancement of Colored People v. East Ramapo Central Sch. Dist.*, No. 17-cv-8943, 2018 WL 11260464, at *3 (S.D.N.Y. July 2, 2018) (preliminary injunction hearing was cancelled but the plaintiffs had disclosed expert reports "consistent with all requirements" of Rule 26 prior to the scheduled hearing).

In contrast to Defendants, who have been left entirely in the dark, Plaintiff has, for over a month, been in possession of a twenty-page declaration from Defendant's non-retained hybrid fact and expert witness, Chief Isaacson.  Plaintiff therefore knows exactly what Chief Isaacson's testimony will be, while Defendants can only speculate as to what Plaintiff's experts' opinions will be.

Even if the Court is inclined to relax the disclosure requirements of Rule 26(a)(2), judicial economy, efficiency, and basic fairness all favor requiring Plaintiff to provide

Defendants with *some* meaningful description of what opinions Plaintiff's experts will espouse. Otherwise, the evidentiary hearing will be substantially prolonged as Defendants are forced to conduct a needlessly lengthy and necessarily unprepared cross-examination of Plaintiff's experts.

<u>Expert Testimony on Academic Freedom is not Relevant to the Security Concerns to be Addressed at the Evidentiary Hearing and Does Not Constitute Rebuttal Evidence</u>

Plaintiff intends to call Dr. John K. Wilson as "an expert on academic freedom." While Plaintiff styles the anticipated testimony as "rebuttal," Defendants have not disclosed an expert on the topic of academic freedom so there is no relevant testimony for Plaintiff's expert to rebut. Moreover, the evidentiary hearing is limited to addressing the security concerns raised by Defendants. Plaintiff conceded at the August 17, 2023 status conference that "we don't want to address issues that are not raised by the defense in the factual hearing." (Dkt. 24 5:6-7). The Court agreed, noting that "the only real issue is the safety issue," and that "the whole purpose of the hearing is for you folks to convince me . . . that there is a danger." *Id.* 7:11-12; 11:25-12:2.

If Plaintiff felt that an expert witness on "academic freedom" was necessary for them to obtain a preliminary injunction, they should have disclosed that witness at the time they filed their preliminary injunction motion. While Plaintiff now claims that Dr. Wilson's testimony is rebuttal evidence because it will show how other universities "protect academic and expressive freedom" (Ex. 1), this is not relevant to the purpose of the evidentiary hearing, which is to determine whether a legitimate safety and security threat exists.

"[T]he opinion of an expert witness is only admissible if it (1) assists the trier of fact in (2) understanding the evidence or determining a disputed fact." *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 68 (S.D.N.Y. 2001) (citing Rule 702 of the Federal Rules of Civil Procedure). Because academic freedom is not a topic before the Court for the pending evidentiary hearing, Mr. Wilson's testimony will not assist the Court in reaching its ultimate determination. Accordingly, Dr. Wilson should be stricken from Plaintiff's witness list.

    Respectfully submitted,

    *s/ Alyssa Jordan Pantzer*
    ALYSSA JORDAN PANTZER
    JENNIFER METZGER KIMURA
    Assistant Attorneys General, of Counsel
    *Attorneys for Defendants*

cc:    Counsels of Record (via CM/ECF)