UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEPHEN KERSHNAR,

          *Plaintiff*,

    v.

STEPHEN H. KOLISON, JR, *et al.*,

          *Defendants*.

Case No.: 1:23-cv-00525

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Stephen Kershnar files this notice of supplemental authority in support of his Motion for Preliminary Injunction (ECF No. 3) ("Motion"), Reply Memorandum in Further Support of the Motion (ECF No. 14) ("Reply"), and his Opposition to the Defendants' Motion to Dismiss (ECF No. 15) ("Opposition").

On August 30, 2023, the United States Court of Appeals for the Second Circuit issued an opinion in *Heim v. Daniel,* Case No. 22-1135-cv. A copy of the opinion is attached as **Exhibit A.**

In *Heim*, the court held that the public employment speech analysis in *Garcetti v. Ceballos*, 547 U.S. 410 (2006), does not apply to speech related to scholarship or teaching in higher education. Ex. A, Slip Op. 37. Instead, speech that "relates to scholarship" is analyzed under pre-*Garcetti* cases, which *Garcetti* left "undisturbed[.]" *Id.* at 32.

Additionally, *Heim*, like this case, involved a question of whether the speech addressed a matter of public concern. *Id.* at 37–40. That question of law is broadly applied in the "special academic setting," recognizing that "the entire premise

powering academic freedom is that the advancement of the arts and sciences is of long-term value to society[.]" *Id.* at 38–39.

*Heim* also reaffirms existing precedent rejecting "pressure exerted by . . . community activists outraged by" a professor's views—or by students "upset or disturb[ed]" by academic speech—as among the *"permissible academic reasons"* sufficient to override a professor's First Amendment rights. *Id.* at 42, 45 (quoting, in part, *Dube v. SUNY*, 900 F.2d at 597–98 (2d Cir. 1990)). This is because the balancing test requires a "nuanced consideration" of the free expression principles underlying universities' missions and professors' need to discuss controversial issues without interference *Id.* at 41, 42–43 n.14 (quoting *Adams v. Trustees of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 564 (4th Cir. 2011)).

The Second Circuit's opinion further supports Kershnar's positions on applying binding pre-*Garcetti* precedent outlined in his Motion (at 9–10), in his Reply (at 2–3), and in his Opposition (at 9–10). That question was also addressed during oral argument on August 11, 2023. (Tr. of Oral Arg. at 15:8–19). Additionally, *Heim* supports Kershnar's argument that he spoke on a matter of public concern as outlined in his Motion (at 11), in his Reply (at 3–4), in his Opposition (at 12–13), and at oral argument (Tr. of Oral Arg. at 27:13–32:4).

| | |
|---|---|
| Dated: September 1, 2023 | Respectfully submitted, |
| | */s/ Joshua T. Bleisch* |
| Barry N. Covert, Esq. | Joshua T. Bleisch* |
| LIPSITZ GREEN SCIME CAMBRIA LLP | IN Bar No. 35859-53 |
| 42 Delaware Avenue – Suite 120 | Robert Corn-Revere* |
| Buffalo, New York 14202 | D.C. Bar No. 375415 |
| Tel: (716) 849-1333 | FOUNDATION FOR INDIVIDUAL |
| Email: bcovert@lglaw.com |    RIGHTS AND EXPRESSION |
| | 700 Pennsylvania Ave. SE; Ste. 340 |
| Adam B. Steinbaugh* | Washington, DC 20003 |
| CA Bar No. 304829 | Tel: (215) 717-3473 |
| FOUNDATION FOR INDIVIDUAL | Email:  josh.bleisch@thefire.org |
|    RIGHTS AND EXPRESSION | Email:  bob.corn-revere@thefire.org |
| 510 Walnut St.; Ste. 1250 | |
| Philadelphia, PA 19106 | * Admitted *pro hac vice* |
| Tel: (215) 717-3473 | |
| Email:  adam@thefire.org | *Counsel for Plaintiff* |