UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEPHEN KERSHNAR,

                        Plaintiff,

                                                            23-cv-525

                -vs-


STEPHEN H. KOLISON, JR., in his individual
capacity and his official capacity as the President
of the State University of New York at Fredonia, and

DAVID STARRETT, in his individual capacity and
official capacity as Executive Vice President and
Provost of the State University of New York at
Fredonia,

                        Defendants.

_____

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants submit this response to Plaintiff's Notice of Supplemental Authority (Dkt. 36) regarding a recent decision in *Heim v. Daniel,* 22-1135-cv, 2023 U.S. App. LEXIS 22934 (2d Cir. 2023). *Heim* supports Defendants' arguments in opposition to Plaintiff's motion for a preliminary injunction and motion to dismiss.

*Heim* confirms that, prior to that decision, the Second Circuit "ha[d] yet to decide whether *Garcetti* even applies in the 'special' context of academia." *Id*. at *25 (citing *Garcetti v. Ceballos*, 547 U.S. 410 (2006)). *Heim* establishes that President Kolison is entitled to qualified immunity because it was still unsettled, at the time of the events at issue here, whether *Garcetti* limited Plaintiff's First Amendment rights.

*Heim* leaves undisturbed the balancing test set forth in *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968). Under that test, courts ask "(1) whether the employee is speaking on a matter of 'public concern,'" and if so (2) "whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the public based on the government's needs as an employer' - balancing 'the interests of the employee, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" *Id*. at \*32-33 (*quoting Matthews v. City of New York*, 779 F.3d 167, 172-73 (2d Cir. 2005)).

As to the first prong, Plaintiff is wrong to suggest that *Heim* recognized that all speech in the "special academic setting" constitutes speech on a matter of public concern. In fact, the Court in *Heim* expressly declined to decide whether "all academic scholarship" constitutes speech on a matter of public concern, instead deciding only that the plaintiff's speech on economic theory met that standard. *Heim* thus had no occasion to consider whether Plaintiff's speech regarding pedophilia qualified as speech on a matter of public concern. For the reasons set forth in Defendants' Memorandum of Law, it did not.

Even assuming that Plaintiff's speech was on a matter of public concern, nothing in *Heim* undermines the legitimacy of the University's interest in keeping its students and staff safe. While Plaintiff argues that *Heim* reaffirmed *Dube*'s holding that a school may not cite pressure by community activists as a justification for curtailing a professor's speech, accommodating activists' outrage is not the nature of the University's interest here. *Dube* had no occasion to address the validity of a school's interest in responding not to community pressure but to legitimate threats undermining campus safety.  Plaintiff suggests that under *Heim*, a professor's speech may only be limited for "*permissible academic reasons*." (Dkt. 36 at 1.)  But *Heim*

applied this standard to a decision on "tenure and promotion," which is not at issue here.  And

*Heim* reaffirms the validity of a public institution's interest under *Pickering* in the "efficient,

effective, disruption-free delivery of public services."  *Heim*, at *38 (citation omitted).

Defendants' substantial security concerns fall squarely within the permissible interests

that must be considered under *Pickering*.  Students and professors faced with the specter of

violence cannot learn and teach, respectively, in an "efficient" or "effective manner."  In addition

to these security concerns, Plaintiff's speech has unquestionably caused substantial disruption to

SUNY Fredonia, including loss of funding and decreased enrollment.


DATED:     September 8, 2023           **LETITIA JAMES**
              Buffalo, New York          Attorney General of the State of New York
                                        Attorney for Defendants

                              BY:    *s/ Jennifer Metzger Kimura*
                                      JENNIFER METZGER KIMURA
                                      ALYSSA PANTZER JORDAN
                                      Assistant Attorneys General of Counsel
                                      Main Place Tower
                                      350 Main Street, Suite 300A
                                      Buffalo, New York 14202
                                      (716) 853-8477
                                      Jennifer.Kimura@ag.ny.gov
                                      Alyssa.Pantzer@ag.ny.gov