UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEPHEN KERSHNAR,

                              Plaintiff,

             -vs-

                                       23-cv-525

STEPHEN H. KOLISON, JR., in his individual
capacity and his official capacity as the President
of the State University of New York at Fredonia, and

DAVID STARRETT, in his individual capacity and
official capacity as Executive Vice President and
Provost of the State University of New York at
Fredonia,

                          Defendants.

_____

### STIPULATED PROTECTIVE ORDER
### REGARDING PRODUCTION OF DOCUMENTS FOR
### PRELIMINARY INJUNCTION EVIDENTIARY HEARING

The parties recognize that the production of documents in connection with the evidentiary

hearing (the "Hearing") on Plaintiff's motion for a preliminary injunction may involve the

production of documents, material or other information considered by the parties to be

confidential and/or protected by law, and requires an expedited privilege review, and accordingly

stipulate and agree to the entry by the Court of the following Protective Order regarding

materials exchanged in connection with the Hearing;

**WHEREAS**, the parties believe that discovery in connection with the Hearing may

involve the production of confidential documents and materials, including, but not limited to,

investigative and law enforcement documents, documents related to security of the SUNY

Fredonia campus, and documents containing personally identifying information ("PII"), such as

social security numbers, full dates of birth, home addresses and similar information, provided, however, that names, business addresses, email addresses, and phone numbers shall not constitute PII;

**WHEREAS**, the parties agree that the limited time for production of materials in advance of the Hearing has necessitated an expedited privilege review, warranting relief pursuant to Rule 502(d) of the Federal Rules of Evidence as to any privileged documents inadvertently produced;

**WHEREAS,** the parties believe it would be appropriate for the Court ordered discovery in connection with the Hearing be conducted under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS**, the parties agree that this Protective Order shall only apply to discovery exchanged in connection with the Hearing, and the parties plan to execute a more complete protective order for plenary discovery should this case proceed to that stage.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND ORDERED THAT:**

1. Any party to this action may designate as "CONFIDENTIAL" any document that the producing party reasonably and in good faith believes to constitute non-public personal, investigative and law enforcement documents, documents related to security of the SUNY Fredonia campus, and/or PII.

2. The parties will treat any document containing PII as "CONFIDENTIAL" but may use such document in connection with the Hearing as if it were not "CONFIDENTIAL" so long as all PII is redacted.

3. The parties may designate any document or materials as "CONFIDENTIAL" by stamping such document as "CONFIDENTIAL" or by informing the receiving party of the Bates

numbers of documents designated as "CONFIDENTIAL."  While the parties will attempt to stamp "CONFIDENTIAL" documents as such prior to production, the parties may designate documents as "CONFIDENTIAL" after they have been produced.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, may seek relief from the Court.

5. Pursuant to the Rule 502 of the Federal Rules of Evidence, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information in connection with the Hearing shall not constitute a waiver of any applicable privilege.  Any privileged material that is inadvertently produced in connection with the Hearing shall promptly be returned to the producing party upon written request.  This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

6. Material marked or otherwise designated as "CONFIDENTIAL" shall be maintained in confidence by the receiving party, shall not be used or disclosed by the receiving party for any purpose or function except in connection with the preparation and conducting of the Hearing. Materials marked or otherwise designed as "CONFIDENTIAL" shall not be disclosed by the receiving party to any other person except:

      a.    the Court and Court personnel engaged in proceedings incident to this action;

      b.    court reporters before whom a deposition in this action is taken, including stenographic reporters and any secretarial, clerical, or other lay personnel assisting such reporter;

      c.    counsel of record and their stenographic clerical and paralegal agents, contractors or employees whose duties and responsibilities require access to such materials;

d.    the individual parties;

e.    persons who, as indicated on the face of the discovery material that has been designated "CONFIDENTIAL" or from the source information provided by the designating party, have received the discovery material or seen it prior to the date such discovery material is produced in this action;

f.    expert consultants and witnesses.

7.    Nothing in this Protective Order shall be deemed to waive any otherwise applicable privilege or any objection as to the relevance or admissibility of evidence.

8.    Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, this Protective Order will be treated as though it has been "So Ordered".

9.    Nothing in this Protective Order shall preclude any party or non-party from seeking or obtaining from the Court different or further protection or relief pursuant to Fed. R. Civ. P. 26(c) or any other provision of the Federal Rules of Civil Procedure.

**SO STIPULATED AND AGREED:**

DATED: September 9, 2023                     */s/ Adam B. Steinbaugh*
                                             ADAM STEINBAUGH
                                             Attorney for Plaintiff


DATED: _____                               /s/ *Jennifer Metzger Kimura*
                                             JENNIFER METZGER KIMURA
                                             Attorney for Defendants


**SO ORDERED:**


DATED: _____                               _____
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE