

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
BUFFALO REGIONAL OFFICE

September 18, 2023

Hon. Lawrence J. Vilardo
United States District Judge
Robert J. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY  14202

**VIA CM/ECF**

> RE:   ***Kershnar v. Kolison, et al.***
>         **23-cv-525 (LJV)**

Dear Judge Vilardo,

Defendants request permission to conduct expert depositions of Plaintiff's designated expert witnesses, J.A. "Tony" Olivo and Dr. John K Wilson.  Depositions will allow Defendants to streamline their cross-examination and make it more likely that the parties will complete the preliminary injunction hearing on September 28, 2023 without the need for yet another day of testimony.  This will conserve the Court's resources and allow this matter to move forward on a more expedited basis.

Defendants asked Plaintiff to consent to Defendants deposing their experts in an email dated September 15, 2023.  (Exh. A.)  Plaintiff refused to consent, arguing that: (1) Defendants have already received adequate disclosure, (2) their experts' time would be better spent preparing their supplemental reports, (3) Plaintiff did not get to take depositions so Defendants should not get them either, and (4) one of Plaintiff's lawyers will be on vacation.  (Exh. A.)  None of these are a basis to deny Defendants' request.

*First*, the adequacy of Plaintiff's disclosures is not relevant to whether depositions would be helpful in streamlining the hearing.  Further, Defendants will not know the adequacy of Plaintiff's latest disclosures until they are provided on September 20, 2023.  Given that this will be Plaintiff's fourth attempt to provide adequate disclosure, Defendants remain dubious as to

whether these disclosures will be fulsome. Granting Defendants' request to depose Plaintiff's experts will alleviate these potential inadequacies by allowing Defendants to ask the witnesses about the bases of their opinions prior to the hearing.

*Second*, Defendants seek to depose Plaintiff's experts after they have completed their supplemental reports. Thus, depositions will in no way interfere with Plaintiff's experts' work on their reports. There is a full week between the date Plaintiff's supplemental reports are due and the hearing, providing adequate time for Defendants to depose Plaintiff's experts.

*Third*, Plaintiff complains about "asymmetrical discovery," but Plaintiff did not seek to depose Defendants' witness. Moreover, Defendants produced thousands of documents while Plaintiff provided only threadbare expert "witness summaries." Granting Defendants' request would cause no asymmetry in discovery in this matter. And while Plaintiff continues to bemoan the limited amount of time available to review documents before the hearing, this purported exigency—to the extent it is even relevant here—was of Plaintiff's own making. Defendants repeatedly asked for an adjournment, but our request was rebuffed by Plaintiff and denied by the Court.

*Fourth*, Plaintiff is represented by at least five attorneys. Defending an expert deposition is not a task that should require Plaintiff's entire cadre of attorneys.

Plaintiff has urged this Court to "apply a 'flexible 'good cause' standard'" to a request for expedited discovery. (ECF No. 34, fn. 1.) Here, there is ample good cause to permit Defendants to depose Plaintiff's experts prior to the evidentiary hearing. Granting this relief will streamline the hearing, conserve judicial resources, and greatly increase the chance that the hearing will be completed on September 28, 2023.

Given the foregoing, Defendants respectfully request that the Court grant Defendants permission to depose Plaintiff's expert witnesses prior to the continued evidentiary hearing.

Respectfully submitted,

*s/ Alyssa Jordan Pantzer*
ALYSSA JORDAN PANTZER
JENNIFER METZGER KIMURA
CHRISTOPHER BOYD
Assistant Attorneys General, of Counsel
*Attorneys for Defendants*

cc:    Counsels of Record (via CM/ECF)