

September 19, 2023

**<u>VIA ELECTRONIC FILING</u>**

Hon. Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:   *Kershnar v. Kolison,* Civil Action No. 1:23-cv-525-LJV

Dear Judge Vilardo:

This letter responds to Defendants' letter of September 18, 2023 (ECF No. 52), requesting leave to conduct depositions of Plaintiff's witnesses before the continued evidentiary hearing set for September 28, 2023. Defendants' request that Plaintiff's rebuttal experts divert their time and attention away from preparing expert reports and testimony to participate in unnecessary and burdensome depositions should be denied.

First, Defendants will have more than sufficient detail about the witnesses' testimony without depositions. As the Court ordered during the September 13–14 evidentiary hearing, Plaintiff will provide Defendants with expert witness reports including detailed information about the witnesses' qualifications, opinions, and their bases by September 20, 2023. *See* Tr. Evid. Hr'g 62:7–11, Sept. 14, 2023; Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). These reports will fully apprise Defendants of the witnesses' testimony and opinions. At the time of the Court's order, Defendants did not ask for depositions and instead sought to move forward with cross-examination during the September 14 hearing, indicating that the information they possessed at that time—which will still be supplemented—was already sufficient. Tr. at 62:16–18, Sept. 14, 2023.

Second, Defendants' sudden request for depositions is inapposite with the "haste with which preliminary injunction motions proceed and their limited purpose[.]" *Patterson v. Masem,* 774 F.2d 251, 254 (8th Cir. 1985); *see also Sills Rd. Realty LLC v. Town of Brookhaven,* No. CV 07-4584, 2008 U.S. Dist. LEXIS 133818, at *3–4 (E.D.N.Y. July 10, 2008). This is especially true here, where both parties have little more than a week to prepare for the continued hearing on

Hon. Lawrence J. Vilardo
September 19, 2023
Page 2 of 3

September 28. Defendants argue that depositions will "streamline their cross-examination," but arranging for, preparing for, and conducting depositions will significantly cut into the already limited preparatory time. The witnesses' time and effort would be better spent thoroughly reviewing the pertinent documents (the bulk of which Defendants produced on the afternoon of September 11), and preparing the witness reports the Court ordered. Further, Defendants' demand to conduct depositions within a one-week timeframe (between September 20 and before September 28), ignores the significant logistical challenges attendant in scheduling unexpected depositions with busy experts.

      Third, Defendants seek the benefit of asymmetrical discovery.[1] Plaintiffs did not have the opportunity to depose Defendants' witness Chief Brent Isaacson before cross-examining him at the evidentiary hearing. And, unlike Plaintiffs' witnesses, Isaacson—offered as an expert at the hearing—was not required to prepare a full expert report. Now, Defendants request an unfair advantage. That Plaintiff had access to Isaacson's affidavit prior to the evidentiary hearing does not justify Defendants' inequitable request: Plaintiff was not afforded the opportunity to ask Isaacson questions related to the information in his affidavit or in other relevant documents before the hearing.

      In all, any marginal utility from depositions would not be worth the logistical difficulties or burdens on the witnesses and would be prejudicial to Plaintiff. This Court, in its discretion, has considered the parties' needs to prepare for the continued hearing and did not call for depositions to be conducted in the limited timeframe. Defendants offer no credible reason to rule otherwise.

Respectfully submitted,

*/s/ Adam Steinbaugh*
Adam Steinbaugh*
Attorney
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION

---

[1] Defendants' request also mischaracterizes the information available to them. Defendants note that Defendants belatedly produced "thousands of documents" two days before the hearing, but urge that Plaintiff produced only "threadbare expert 'witness summaries.'" As the Court recognized, Plaintiff supplemented his witness summaries with a more fulsome description of the anticipated testimony. Further, Plaintiff has produced—on a rolling basis, beginning before Defendants' production—records reviewed by his experts and specifically identified those records in his witness summaries. Defendants, in sum, already have an asymmetrical advantage.

Hon. Lawrence J. Vilardo
September 19, 2023
Page 3 of 3

                                                510 Walnut Street, Suite 1250
                                                Philadelphia, PA 19106
                                                Tel: (215) 717-3473, ext. 213
                                                adam@thefire.org

                                                *Admitted pro hac vice.*

cc:      Counsel of record (via ECF)