

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
BUFFALO REGIONAL OFFICE

September 27, 2023

Hon. Lawrence J. Vilardo
United States District Judge
Robert J. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY  14202

**VIA CM/ECF**

> **RE:** ***Kershnar v. Kolison, et al.***
> **23-cv-525 (LJV)**

Dear Judge Vilardo,

Defendants submitted a sworn declaration from Richard Denholm, II, who is a Managing Partner with A1C Partners.  (ECF No. 57.)  Shortly thereafter, Plaintiff filed a letter stating that "Plaintiff also intends to object to the entry of Mr. Denholm's declaration into evidence absent his direct testimony in advance of the testimony of Plaintiff's rebuttal expert witnesses." (ECF No. 58.)  Plaintiff has not stated the basis of his objection to Mr. Denholm's sworn declaration.

"Affidavits are appropriate on a preliminary-injunction motion . . ." 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2949.  Rule 65 of the Federal Rules of Civil Procedure specifically contemplates the use of affidavits in determining whether a preliminary injunction should be granted.  Fed. R. Civ. P. 65(b)(1)(A).

In the Second Circuit "hearsay evidence may be considered by a district court in determining whether to grant a preliminary injunction."  *Mullins v. City of N.Y.*, 626 F.3d 47, 52 (2d Cir. 2010).  As this Court has observed in addressing "various admissibility objections, such as hearsay, to the declarations submitted by Defendants," such objections should typically be overruled because "on a motion for a preliminary injunction, the rules of evidence are not strictly applied, and the standard of proof is not the same . . ." *Veramark Techs. Inc. v. Bouk*, 10 F. Supp. 3d 395, 401 (W.D.N.Y. 2014); *see also Fisher v. Goord*, 981 F. Supp. 140, 166

(W.D.N.Y. 1997) (admitting "affidavit [that] was filed after the conclusion of the evidentiary portion of the preliminary injunction hearing").

Even at trial, courts regularly accept declarations in lieu of direct testimony. *See, e.g.*, *Chill ex rel. Calamos Growth Fund v. Calamos Advisors LLC*, 417 F. Supp. 3d 208, 230 (S.D.N.Y. 2019) (accepting declarations in lieu of direct testimony); *Rojo v. Deutsche Bank*, 2010 U.S. Dist. LEXIS 62796, at *1 n.3 (S.D.N.Y. June 23, 2010) (noting judge's "individual practices governing bench trials" pursuant to which, "declarations signed under penalty of perjury were submitted for each witness in lieu of direct testimony.") *BAII Banking Corp. v. Atl. Richfield Co.*, 86 Civ. 6651 (SS), 1993 U.S. Dist. LEXIS 14107, at *12 n.3 (S.D.N.Y. Oct. 4, 1993) (noting that "[d]eclarations were used in lieu of direct testimony at trial.")

Plaintiff's objection to the use of a declaration in this proceeding "absent direct testimony" is undercut by the fact that Plaintiff himself offered the declaration of Neil Feit (ECF No. 5-9). Plaintiff has not made Mr. Feit available for live testimony and Defendants have not had the opportunity to cross-examine him.

Plaintiff's attorney has described this matter as an "informal hearing" and the Court agreed, holding that "this is a more liberal evidentiary hearing than a trial," in overruling a hearsay objection by Defendants. (ECF No. 50, 9/13/23 Hearing Tr. 128:5-18.) Plaintiff cannot rely on the informal nature of this proceeding to admit favorable evidence while simultaneously insisting on formality as the basis to object to the admission of unfavorable evidence.

Plaintiff has made the A1C Report a prominent document in this case and has opened the door for the Defendants to submit this declaration. Plaintiff's security expert J.A. "Tony" Olivo dedicated a substantial portion of his expert rebuttal report to discussing the A1C Report and his opinions regarding the same. (ECF No. 58, Olivo Report ¶¶ 21-30.) Plaintiff has attempted to ascribe a meaning to the A1C report through cross-examination and their expert witnesses which the Defendants are entitled to address. Plaintiff moved the A1C Report into evidence. (9/13/23 Hearing Tr. 158:2.) Defendants did not object because the Court had already ruled that it intended to admit hearsay during this hearing and to apply a liberal standard to admissibility issues. The Court has admitted many hearsay documents that bear far less indicia of reliability than Mr. Denholm's sworn declaration.

Defendants submitted the declaration from Mr. Denholm to clarify the purpose, scope and conclusions of the A1C Report. Defendants would welcome live testimony from Mr. Denholm, but Rule 45(c)(1) of the Federal Rules of Civil Procedure may preclude compulsory process.

Given Plaintiff's extensive speculation regarding the meaning and conclusions of the A1C Report, a sworn declaration from a managing partner of the company that prepared the report is highly relevant to this proceeding. It would be inequitable and an abuse of discretion to preclude admission of Mr. Denholm's declaration.

Respectfully submitted,

*s/ Alyssa Jordan Pantzer*
ALYSSA JORDAN PANTZER
JENNIFER METZGER KIMURA
CHRISTOPHER L. BOYD
Assistant Attorneys General, of Counsel
*Attorneys for Defendants*

cc:    Counsels of Record (via CM/ECF)