UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHEN KERSHNAR,

                Plaintiff,

      -vs-                                              23-cv-525 (LJV)

STEPHEN H. KOLISON, JR., in his individual
capacity and his official capacity as the President
of the State University of New York at Fredonia, and

DAVID STARRETT, in his individual capacity and
official capacity as Executive Vice President and
Provost of the State University of New York at
Fredonia,

                Defendants.
_____


# DEFENDANTS' MEMORANDUM OF LAW
# IN OPPOSITION TO PLAINTIFF'S MOTION
# FOR DISCOVERY

LETITIA JAMES
Attorney General of the State of New York
JENNIFER J. METZGER
Assistant Attorney General, of Counsel
350 Main Street, Suite 300A
Buffalo, NY 14202

**PRELIMINARY STATEMENT**

Dr. Stephen Keshnar's ("Plaintiff") seeks early discovery in the middle of an evidentiary hearing on his request for a preliminary injunction. Plaintiff was already granted extensive document discovery, with Defendants have produced over 3,330 documents. When Defendants sought depositions prior to examining Plaintiff's witnesses in the evidentiary hearing, that request was opposed by Plaintiff and denied by the Court. Plaintiff now seeks permission to take unspecified depositions and engage in uncircumscribed document discovery, despite Defendants Kolison and Starrett's (collectively "Defendants") pending Motion to Dismiss. Plaintiff's motion should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 30, 2022, Plaintiff appeared on a podcast where he posed a thought experiment: "Imagine that an adult male wants to have sex with a twelve-year-old girl." *See* Compl. (Dkt. 1), ¶ 68. Almost immediately thereafter, the post went viral resulting in threats of violence directed towards Plaintiff and the State University of New York ("SUNY") Fredonia and members of its campus community. In order to preserve the safety of the SUNY Fredonia campus, Plaintiff was asked to remain off campus. Plaintiff has since remained off campus, engaging in alternate assignments, while receiving his full salary.

Over a year and half later, on June 12, 2023, Plaintiff filed his lawsuit seeking damages and injunctive relief. *See* Dkt. Nos. 1, 3. Defendants filed their Opposition to the Preliminary Injunction and cross-moved for dismissal based on qualified immunity. Dkt. 13. On August 11, 2023, during oral argument, Defendants requested an evidentiary hearing because the Plaintiff failed to rebut the surrounding safety concerns of the campus at-large, to which at this time, Plaintiff's counsel consented to the evidentiary hearing.

The Court scheduled the evidentiary hearing for September 13-14, 2023. Dkt. 23. The evidentiary hearing was narrowly tailored to focus on safety and security threats directed towards the campus. The Court set forth a scheduling order for exhibit lists and submissions of documents that the parties were to rely on during the evidentiary hearing. *Id.* Defendants complied with the scheduling order and filed their expert and witness lists. Dkt. Nos. 25 and 26.

Without leave of the Court, Plaintiff thereafter moved to compel document discovery in anticipation of the evidentiary hearing after counsel sent overly broad and objectionable document discovery requests. Dkt. 27. Defendants opposed document discovery due to the substantial amount of electronically stored information ("ESI") and Plaintiff failing to comply with the Local Rule 7(d)(3), which requires motions for discovery pursuant to Fed. R. Civ. P. 37, not be heard unless accompanied by an affidavit showing sincere attempts to resolve discovery disputes. Dkt. 32. Plaintiff opposed. Dkt. 34.

On September 6, 2023, a status conference was held and the Defendants were ordered to produce "all documents relied upon by either witness Isaacson, or by any decision maker, as specified." *See* Text Order, Dkt. 40. Defendants diligently complied with Plaintiff's broad discovery requests. A week later, the evidentiary hearing commenced. Dkt. Nos. 45 and 47.

On September 15, 2023, Defendants reached out to Plaintiff's attorney to request their consent to depose their experts prior to cross-examining them before the Court. Dkt. 52-1. Plaintiff's counsel refused to grant the request, citing that their experts had to generate their expert reports, and that, while he was not the only attorney on the case, he had a vacation planned and that co-counsel Attorney Bleisch just returned from parental leave. *Id.* On September 18, 2023, Defendants articulated the need to conduct expert depositions in a letter to the Court to streamline cross-examination during the evidentiary hearing. Dkt. 52. In opposition

to the request to conduct expert depositions, Plaintiff cites that "Defendants request an unfair advantage", even though Plaintiff never requested to depose Defendants' expert. Dkt. 54. Additionally, Plaintiff cited logistical difficulties or burdens on the witness and would be prejudicial to the Plaintiff. *Id.*

On September 19, 2023, Defendants' request to conduct depositions of the Plaintiff's expert witnesses was denied. Dkt. 55.  On September 28, 2023, the evidentiary hearing continued, but did not finish. Dkt. 63.  At the Court's suggestion, the parties engaged in mediation.  On May 17, 2024, a settlement conference was held in front of Magistrate Judge McCarthy. Dkt. Nos. 76 and 77.  The mediation was attended by three Assistant Attorneys General ("AAG") and Senior Campus Counsel for SUNY.  The parties were unable to reach a settlement.

On August 20, 2024, Judge McCarthy's law clerk instructed the parties to "please contact Judge Vilardo's chambers to schedule the remaining proceedings." *See* Ex. A[1]. Since the pending proceeding[2] was Plaintiff's motion for a preliminary injunction, Defendants assumed that Plaintiff would contact the Court, but apparently Plaintiff's counsel did not do so.  In January 2025, Judge Vilardo's chambers reached out, *sua sponte* to request a status conference with the parties. Plaintiff's attorneys' own failure to contact the court for many months or to request to move this case along, cuts against Plaintiff's argument that there is urgency to have discovery conducted or to have the preliminary injunction hearing immediately continued.

After a status conference scheduled by the Court on February 12, 2025, the parties were

---

[1] Exhibit A is a true and accurate copy of the email.

[2] Defendants have a pending motion to dismiss, but that motion has been fully briefed since August 9, 2023.

3

ordered to discuss if they would consent to a Magistrate Judge conducting the remainder of the evidentiary hearing. On March 6, 2025, the parties reported to the Court that Plaintiff did not consent to a Magistrate Judge and Plaintiff requested additional discovery. Dkt. 81. Defendants indicated they would consent to a Magistrate Judge but opposed discovery, given that Plaintiff already sought and was granted voluminous discovery in connection with their application for a preliminary injunction. And to the extent Plaintiff's requested discovery is going to the merits of the case, Defendants have a pending Motion to Dismiss. *Id.* Thereafter, Plaintiff filed this Motion for Discovery. Dkt. 82.

## Argument

### POINT I: PLAINTIFF HAS NOT SHOWN GOOD CAUSE FOR EXPEDITED DISCOVERY

A. Legal Standard for Expedited Discovery

Plaintiff's premature motion for discovery fails to establish good cause for expedited pre-answer discovery given that Defendants' motion to dismiss is still pending. *Klymn v. Monroe Cnty. Sup. Ct.*, 2023 U.S. Dist. LEXIS 219215, *26 (W.D.N.Y. Dec. 8, 2023) (denying plaintiff's pre-answer discovery request due to defendants' pending motion to dismiss.)

The Second Circuit has not articulated a standard for determining expedited discovery, but courts have sporadically applied either a four-part test derived from *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. Sept. 17, 1982), which parallels a standard for granting a preliminary injunction, or employs a more flexible standard of reasonableness and good cause. *Klymn* at *26. "The majority of courts in the Second Circuit apply the more flexible 'good cause' standard when evaluating motions for expedited discovery." *Id.* at *26-27; *quoting Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 326-27 (S.D.N.Y. Jul. 8, 2005). Plaintiff has not shown good cause for discovery, especially in light of the fact that Plaintiff was already previously granted expedited

4

discovery and Defendants' prior request for discovery was denied.

Further, the procedural posture of this case, mid-preliminary injunction hearing and predetermination on a motion to dismiss, renders the request procedurally infirm. The Defendants have not had their motion to dismiss decided, nor has an answer even been filed in response to the Complaint, yet Plaintiff is attempting to engage in full discovery as if the case was in the discovery phase. Defendants were unable to locate a case in this procedural posture (in the middle of a preliminary injunction hearing with a pending undecided motion to dismiss) where a request for discovery was addressed by a court.

B. Defendants' Motion for Dismiss is based on Qualified Immunity

Defendants' pending motion to dismiss is based on qualified immunity, which is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (emphasis added). It is meant to shield government officials from civil damages insofar that their conduct did not violate a clearly established statutory or constitutional right. *Garcia v. Doe*, 779 F.3d 84, 91 (2d Cir. 2014). It is "both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation." *Id.; quoting Ashcroft v. Iqbal*, 556 U.S. 662, 772 (2009). The Second Circuit has long recognized "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery." Francis v. Coughlin*, 849 F.2d 778, 780 (2d Cir. 1988); *quoting Mitchell* at 526 (emphasis added in *Francis*).

If Defendants' motion is granted, Plaintiff will be entitled to no further discovery in this case. Engaging in discovery before the motion to dismiss is decided would therefore potentially waste the resources of all parties and would be contrary to the qualified immunity doctrine. And even if the motion was not granted in full, a decision on Defendants' motion to dismiss could

5

shape the number and nature of the claims going forward, which would significantly impact the scope of discovery. *Buffalo Emergency Assocs., LLP v. UnitedHealth Grp., Inc.*, 2020 U.S. Dist. LEXIS 104828, *3 (W.D.N.Y. Jun. 16, 2020); *citing Barnes v. County of Monroe,* 2013 U.S. Dist. LEXIS 134344, *2 (W.D.N.Y. Sept. 19, 2013) (denying a motion to compel discovery, further observing "[i]n light of the pending [motion to dismiss], the need for further discovery is not inevitable.")

      Plaintiff concedes he already received "voluminous amounts" of documents prior to the commencement of the evidentiary hearing. Dkt. 82-1, p. 8.  Specifically, Plaintiff received over 3,300 documents (over 5,700 pages) from Defendants.  Plaintiff now claims that depositions "will avoid the potential for any subsequent delays once the hearing resumes", which is exactly the same argument Defendants cited in their request to depose Plaintiff's experts back in September 2023. Dkt. 52.  Plaintiff opposed expert depositions because his primary attorney was going on vacation and the other attorney was coming back from parental leave and needed an opportunity to get up to speed on the case. Dkt. 52-1.  Defendants were denied the opportunity to take depositions. Dkt. 55.  Defendants now have scheduling issues as previously explained to the Court and Plaintiff's counsel. Despite being aware of those issues, and having cited similar reasons to oppose discovery previously, Plaintiff's counsel now nonetheless seeks discovery from Defendants and seeks to brush aside the same reasons they themselves used to oppose discovery in this case.  Plaintiff should not be permitted to have it both ways.

      It is particularly troubling that Plaintiff suggests that "Defendants' choice of which counsel should conduct a cross-examination should not supersede the expeditious resolution of Kershnar's First Amendment claims," Dkt. 82-1, p. 9, given that defense counsel was mid-cross examination when the evidentiary hearing was paused (not at Defendants' request).  And defense

6

counsel was available to continue her examination at any time since this hearing up until her recent leave. Plaintiff sat on his hands for months and only began to demand more expedited discovery on an urgent basis now that counsel is unavailable.

The contention that Defendants have unilaterally delayed this case is simply false. The pause of the evidentiary hearing was at the Court's direction and to engage in mediation. Dkt. Nos. 68-77. Plaintiff's characterization of the mediation in his pending motion is inaccurate. Dkt. 82-1, p. 3. Defendants attended and participated in the mediation process in good faith, sending three AAGs and a lawyer from SUNY to engage in the process.

If any party has delayed in this case, it is Plaintiff. But for this Court requesting a status conference for January 27, 2025 (Dkt. 79), Plaintiff would have continued to let this case remain pending and unprosecuted.

## Conclusion

For the foregoing reasons, the Court should deny Plaintiff's Motion for Discovery. Alternatively, should the Court be inclined to grant Plaintiff additional expedited discovery, Defendants would instead prefer to go forward the evidentiary hearing immediately rather than engage in further discovery, even though this will result in one of the co-lead counsel on the case being unavailable.

DATED:   April 11, 2025         **LETITIA JAMES**
         Buffalo, NY            Attorney General of the State of New York
                                Attorney for Defendants

                  BY:   *s/ Jennifer J. Metzger*
                        JENNIFER J. METZGER
                        Assistant Attorney General of Counsel
                        Main Place Tower
                        350 Main Street, Suite 300A
                        Buffalo, New York 14202
                        (716) 853-8477
                        Jennifer.Metzger@ag.ny.gov