**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

STEPHEN KERSHNAR,

         *Plaintiff,*

   v.

STEPHEN H. KOLISON, JR, *et al.*,

         *Defendants.*

Case No.: 1:23-cv-00525-LJV-JJM

## <u>REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR DISCOVERY</u>

Under Local Rule 7(a)(2) and this Court's March 6, 2025, Minute Entry (ECF No. 81), Plaintiff Stephen Kershnar submits this Reply in support of his Motion for Discovery (ECF No. 82) ("Mot.").

## <u>ARGUMENT</u>

This Court should exercise its broad discretion to permit continued discovery during the interim period before the pending evidentiary hearing can resume. *See Mineweaser v. One Beacon Ins. Co.*, No. 14-CV-0585A(Sr), 2025 WL 276667, at \*4 (W.D.N.Y. Jan. 23, 2025) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 26 (1984)).

Plaintiff has shown he meets the "flexible 'good cause' standard" to continue the discovery that the parties have already started. *Klymn v. Monroe Cnty. Sup. Ct.*, No. 21-CV-6488-JLS-LGF, 2023 WL 10354316, \*9 (W.D.N.Y. Dec. 8, 2023) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005)); *see also* Defs.' Mem. Opp. Mot. Disc. 4, ECF No. 83 ("Opp.") (agreeing that Plaintiff need only meet the "flexible 'good cause' standard"). Continuing to pause discovery will delay

Kershnar's ability to obtain injunctive relief against an ongoing violation of his First Amendment rights, threatening to prolong irreparable harm. Using a lull in these proceedings to conduct effective discovery will assist not only in the ultimate resolution of this matter, but will also contribute to more efficient use of the Court's time when the evidentiary hearing resumes.

Defendants' arguments do little to chip away at the good cause shown by Plaintiff. To the contrary, they *support* Plaintiff's position.

The principal thrust of Defendants' argument is a good-for-the-goose, good-for-the-gander position typical of discovery disputes. Defendants urge they *wanted* to proceed with discovery (in September 2023) for the sake of making the evidentiary hearing more efficient, pointing out that Plaintiff objected to depositions and "should not be permitted to have it both ways." (Opp. 6.) Plaintiff's objection, however, was to the timing: Defendants' request was to schedule multiple depositions in the ten days before the next evidentiary hearing. (*See* Defs.' Letter Req. Expert Deps., ECF No. 52 [requesting "expert depositions" in advance of September 28, 2023 hearing].) Requiring Plaintiff's Philadelphia- and Washington, D.C.–based counsel to participate in hastily arranged depositions would not have meaningfully contributed to more efficient proceedings—it would have unnecessarily multiplied the proceedings. (*See* Pl.'s Resp. Defs.' Req. Expert Deps., ECF No. 54 [setting forth reasons why asymmetrical discovery would not have been efficient].)

Defendants' position has changed. Now, with further proceedings *months* away, they no longer want to conduct depositions; and they insist that Plaintiff should

not be permitted to, either. But Plaintiff's position has not changed: The effective use of the time between hearings to conduct discovery will contribute to more efficient hearings and a more expedient final resolution of the matter.

Nor does Defendants' opposition establish any burden they do not already carry or would not already face. Contrary to Defendants' characterization of Plaintiff's request as one for "urgent" and "expedited" discovery (Opp. 7), Kershnar is not seeking "urgent" discovery—it is discovery that would take place over the course of months, not days or weeks. That is certainly no more burdensome than what Defendants signed up for when insisting on evidentiary hearings. As Defendants acknowledge, they have already produced "extensive document discovery" which includes thousands of pages. (Opp. 1, 6.) That only shows that the bell has already been rung. Additional discovery—consisting largely of depositions about the already-produced records—does not meaningfully burden Defendants beyond what was completed for the process that they themselves requested.

Nor does Defendants' pending motion to dismiss on qualified immunity grounds shift this dynamic. As Plaintiff explained, qualified immunity applies only to retrospective claims for damages and does not shield Defendants from Plaintiff's claims for prospective injunctive relief. (*See* Mot. 7.) In considering whether to delay discovery on the basis that a motion to dismiss is pending, the Court looks to that motion's strength. *Republic of Turkey v. Christie's, Inc.*, 316 F.Supp.3d 675, 677 (S.D.N.Y. 2018) (citation omitted). But Defendants' motion is weak. It ostensibly seeks dismissal on the basis that even if the facts alleged are true, the Court cannot

issue relief. While the Court has yet to rule on the pending motion to dismiss, the parties' factual development—through discovery and evidentiary hearings over the course of months—strongly suggests Plaintiff's First Amendment arguments are both legally and factually meritorious.

As a result, the question is not whether Defendants will be subject to discovery—at least on Plaintiff's claims seeking prospective relief—but *when* that discovery will take place. It should take place now, while the parties are available and the Court is not.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion, schedule an initial pretrial conference, and allow discovery to continue (as soon as the parties have submitted a written discovery plan) while the parties wait for an opening in the Court's hearing docket. Alternatively, the Court should deny Defendants' motion to dismiss; or, as Defendants invite, resume the evidentiary hearing.

Dated: April 18, 2025                              Respectfully submitted,

                                                   /s/ Adam Steinbaugh
Robert Corn-Revere*                                Adam B. Steinbaugh*
DC Bar No. 375415                                  CA Bar No. 304829
Joshua T. Bleisch*                                 FOUNDATION FOR INDIVIDUAL
DC Bar No. 90001269                                  RIGHTS AND EXPRESSION (FIRE)
FOUNDATION FOR INDIVIDUAL                           510 Walnut St.; Ste. 900
  RIGHTS AND EXPRESSION (FIRE)                      Philadelphia, PA 19106
700 Pennsylvania Ave. SE; Ste. 340                 Tel: (215) 717-3473
Washington, DC 20003                               Email: adam@thefire.org
Tel: (215) 717-3473
Email: bob.corn-revere@thefire.org                 *Admitted *Pro Hac Vice*
Email: josh.bleisch@thefire.org
                                                   *Counsel for Plaintiff*

4

Barry N. Covert, Esq.
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue – Suite 120
Buffalo, New York 14202
Tel: (716) 849-1333
Email: bcovert@lglaw.com

5