

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

December 22, 2025

**Via CM/ECF**

Hon. Lawrence J. Vilardo
United States District Judge
2 Niagara Square
Buffalo, New York 14202

      **RE:**   *Kershnar v. Kolison, et al.* **(23-CV-525)**

Dear Judge Vilardo,

      Plaintiff argues that *Leroy v. Livingston Manor*, 158 F.4th 414 (2d Cir. 2025) bolsters his argument that Defendants imposed an impermissible "heckler's veto" on his speech.  Plaintiff suggests that *Leroy* stands for the proposition that the negative reaction of others, including upset and anger, cannot be a basis for silencing speech.  What Plaintiff ignores is that the Second Circuit expressly held that student safety is an important interest that must be analyzed separately and may justify regulating speech.  158 F.4th at 441 n.2.  In *Leroy*, the Circuit concluded "the record is devoid of any indication that protecting students' sense of security was the District's interest in punishing Leroy."  *Id.* at 428.  This is precisely the obverse of the situation here.

      Indeed, *Leroy* holds that legitimate concern for student safety can justify regulating speech, including removing a speaker from campus:

> [P]rotecting the safety of the entire school community is an important, independent school interest that may justify regulation of even off-campus speech – and perhaps even speech that does not cause an immediate in-school disturbance.  For this reason, it is an interest we believe should be analyzed separate and apart from the minutes of school disruption caused by the speech.

*Leroy*, 158 F.4th at 441 n.2.  The Circuit acknowledged, in what was in their analysis hypothetical, but for this Court is very real, the "critical distinction" of "the need to protect students' safety."  *Id*.

      Here, unlike in *Leroy*, the evidence introduced at the preliminary injunction hearing establishes that Defendants acted to protect the safety of the campus community, not to punish

the Plaintiff for his speech. *Leroy* confirms that regulating speech to ensure the safety of the campus community does not violate the First Amendment.

Respectfully submitted,

*s/ Jennifer J. Metzger*
JENNIFER J. METZGER
ALYSSA JORDAN PANTZER
Assistant Attorneys General, of Counsel
*Attorneys for Defendants*

cc: Counsels of Record (via CM/ECF)

2