UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEPHEN KERSHNAR,

                     Plaintiff,                       **ANSWER**

         -vs-

                                             23-cv-525

STEPHEN H. KOLISON, JR., in his individual
capacity and his official capacity as the President
of the State University of New York at Fredonia, and

DAVID STARRETT, in his individual capacity and
official capacity as Executive Vice President and
Provost of the State University of New York at
Fredonia,

                   Defendants.

_____

       Stephen H. Kolison, Jr. and David Starrett ("Defendants"), by and through their attorney,

Letitia James, Attorney General of the State of New York, Jennifer J. Metzger and Alyssa Jordan

Pantzer, Assistant Attorneys General, of counsel, for their answer to the Verified Complaint

(Dkt. 1) ("Complaint"), respectfully alleges as follows:

       1.      With respect to the allegations set forth in paragraphs 1 and 3, Defendants admit

that Stephen Kershnar is a Distinguished Teaching Professor at the State University of New York

("SUNY") Fredonia, but deny the remaining allegations in said paragraphs.

       2.      Admit the allegations in paragraphs 11, 23, 25, 26, 28, 35, 36, 39, 62, 68, 73, 116,

161, and 172.

       3.      Deny the allegations in paragraphs 5, 6, 7, 8, 10, 14, 70, 86, 87, 88, 102, 103, 113,

114, 124, 132, 138, 154, 166, 171, 176, 177, 178, 186, 187, 188, 189, 190, 193, 194, 197, 201,

202, 203, 205, 207, 208, 213, 216, 217, 218, 221, 222, 223, 224, 225, 244, 252, 255, 257, 258, 259, and 260.

4.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 2, 4, 9, 13, 22, 24, 27, 29, 30, 31, 32, 33, 34, 37, 38, 41, 42, 43, 44, 45, 46, 47, 49, 50, 52, 54, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 69, 71, 72, 74, 75, 76, 77, 78, 80, 81, 82, 83, 85, 89, 90, 91, 92, 93, 94, 95, 97, 104, 110, 112, 115, 119, 120, 121, 123, 130, 131, 134, 135, 148, 149, 150, 151, 152, 153, 156, 157, 158, 159, 164, 165, 167, 168, 169, 170, 173, 174, 175, 179, 180, 181, 182, 183, 184, 192, 204, 206, 220, 240, 241, 242, 243, and 241.

5.      With respect to allegations set for in paragraph 12, Defendants admit that Stephen Kershnar is a Distinguished Teaching Professor at the State University of New York ("SUNY") Fredonia and he received the SUNY Chancellor's Award for Excellence in Teaching, but deny the remaining allegations in said paragraph.

6.      With respect to the allegations set forth in paragraph 15, Defendants admit that Stephen Kolison is the President of SUNY Fredonia, but deny the Plaintiff's characterization of his duties in that position, and deny the remaining allegations in said paragraph.

7.      With respect to the allegations set forth in paragraph 16, Defendants admit that at the time of the filing of this Complaint, David Starrett was the Executive Vice President and Provost of SUNY Fredonia, but deny the Plaintiff's characterization of his duties in that position, and deny the remaining allegations in said paragraph.

8.      With respect to the allegations set forth in paragraph 40, Defendants admit that Plaintiff was named as a SUNY Distinguished Teaching Professor, but deny knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in the remaining paragraph.

9.    With respect to the allegations set forth in paragraph 48, Defendants admit that Plaintiff wrote *The Moral Status of Harmless Adult-Child Sex*, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remaining paragraph.

10.    With respect to the allegations set forth in paragraph 51, Defendants admit that Plaintiff wrote *Pedophilia and Adult-Child Sex: A Philosophical Analysis*, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remaining paragraph.

11.    With respect to the allegations set forth in paragraph 151, Defendants admit that SUNY Fredonia did not cancel classes on November 2, 2022, but deny Plaintiff's characterization and the remaining allegations in said paragraph.

12.    The allegations in paragraphs 17, 18, 19, 20, 21, 53, 143, 163, 191, 195, 196, 198, 199, 200, 209, 210, 211, 212, 215, 226, 227, 228, 232, 233, 245, 246, 247, 248, 250, 251, 253, 254, and 256 state one or more legal conclusions to which no response is required. To the extent any such response is required, those allegations are denied.

13.    With respect to the allegations in paragraphs 79, 84, 89, 96, 98, 99, 100, 101, 105, 106, 107, 108, 109, 111, 117, 118, 122, 125, 126, 127, 128, 129, 133, 136, 137, 139, 140, 141, 142, 144, 145, 146, 147, 155, 160, 162, 219, 230, 231, 234, 235, 236, 237, 238, and 239 state the documents referenced therein speak for themselves and refer to those documents for their contents, and deny the remaining allegations in said paragraphs.

14. As to paragraphs 185, 214, 229, and 249 repeat and reassert each of the responses stated above.

15. Denies that Plaintiff is entitled to the relief sought in the "Prayer for Relief" paragraphs 1-7.

16. Deny every other allegation not specifically addressed above.

## DEFENSES

17. By asserting the following defenses, Defendants do not admit that they bear the burden of proof on any of the following issues. Defendants reserve the right to assert additional defenses as the investigation and discovery progresses.

## FIRST DEFENSE

18. The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

19. Defendants, at all times relevant hereto, acted without malice and under the reasonable belief that their actions were proper and in accordance with existing law. Defendants, at all times relevant hereto, acted in good faith in the lawful exercise of the discretion committed to them under federal and/or state law and are immune from liability.

20. Defendants did not violate any clearly established statutory or constitutional rights of Plaintiff which a reasonable person would have known, and therefore, are entitled to qualified immunity.

## THIRD DEFENSE

21. No adverse employment action was taken against the Plaintiff.

**FOURTH DEFENSE**

22.    Plaintiff's damages, if any, were caused by Plaintiff's own actions or inactions and his failure to avoid or mitigate those damages.

**FIFTH DEFENSE**

23.    Defendants did not act in willful disregard of Plaintiff's rights and therefore, Plaintiff is not entitled to punitive damages.

**SIXTH DEFENSE**

24.    Plaintiff's claims, in whole or in part, are barred by the sovereign immunity afforded to State agencies and individual state actors sued in their official capacities by the Eleventh Amendment of the United States Constitution.

**SEVENTH DEFENSE**

25.    Any employment action taken toward the Plaintiff was taken for legitimate non-discriminatory and non-retaliatory reasons, and was in the proper exercise of management, discretion, judgment, and procedure.

**EIGHTH DEFENSE**

26.    The alleged conduct as set forth in Plaintiff's Complaint, in whole or in part, was properly within the discretionary authority committed to the Defendants to perform their official functions, and the relief prayed for would constitute an improper intrusion by the federal judiciary into said discretionary authority.

**NINTH DEFENSE**

27.    Defendants would have taken the same action(s) with respect to Plaintiff in the absence of any discriminatory or improper motive. Therefore, Plaintiff's Complaint, in whole or

in part, fails to state a claim pursuant to *Mt. Healthy City Sch. Dist. Bd. of Edu. v. Doyle*, 429

U.S. 274 (1997).

<strong><u>DEMAND FOR JURY TRIAL</u></strong>

28.     Defendants demand trial by jury.

<strong><u>CONCLUSION</u></strong>

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor,

dismissing the Complaint in all respects, with prejudice, and that Defendants be awarded

reasonable costs and/or attorney's fees, along with such other relief as may be just, proper, and

equitable.

DATED:      Buffalo, New York
            March 20, 2026

                                    LETITIA JAMES
                                    Attorney General of the State of New York
                                    Attorney for Defendants

                        BY:  */s/ Jennifer J. Metzger*
                             JENNIFER J. METZGER
                             ALYSSA JORDAN PANTZER
                             Assistant Attorneys General, of Counsel
                             350 Main Street
                             Main Place Tower, Suite 300A
                             Buffalo, New York 14202
                             716-853-8477
                             Jennifer.Metzger@ag.ny.gov
                             Alyssa.Pantzer@ag.ny.gov