UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEPHEN KERSHNAR,

                              Plaintiff,                          **PROPOSED DISCOVERY PLAN**

          -vs-

                                                                 23-cv-525

STEPHEN H. KOLISON, JR., in his individual
capacity and his official capacity as the President
of the State University of New York at Fredonia, and

DAVID STARRETT, in his individual capacity and
official capacity as Executive Vice President and
Provost of the State University of New York at
Fredonia,

                              Defendants.

---

　　　　Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 16(b) of the

Local Rules of Civil Procedure, the parties in this case respectfully submit this Proposed

Discovery Plan.  The parties conducted a Rule 26(f) discovery conference using Microsoft

Teams on March 13, 2026.  After conferring, the parties submit the following Proposed

Discovery Plan.  The parties have also submitted a proposed Case Management Order, the

contents of which are hereby incorporated by reference.  The provisions of the Proposed

Discovery Plan are as follows:

1.  **Subjects on Which Discovery May be Needed:** Discovery may be needed on the following

    subjects:

    a.  Plaintiff's allegations that his speech was made as a private citizen;

    b.  Plaintiff's allegations that his speech was on a matter of public concern;

    c.  SUNY System and SUNY Fredonia policies, contracts, agreements, or practices

        concerning Kershnar's employment, freedom of expression, or academic freedom;

d. Defendants' allegations that Plaintiff's speech caused disruption to or otherwise impacted SUNY Fredonia;

e. Defendants' threat assessments, any materials or communications underlying the threat assessments, and the security resources available to SUNY Fredonia and the SUNY System;

f. Defendants' analysis of the potential for disruption allegedly due to Plaintiff's speech;

g. Any investigation into Plaintiff or into any person sending communications relating to Kershnar;

h. Plaintiff's awareness of the disruptiveness of his speech;

i. Threats made directly to Plaintiff in response to his speech, and not conveyed to SUNY Fredonia and the SUNY System;

j. The State University of New York System policies, procedures, and practices concerning SUNY's response to antisemitic (or otherwise discriminatory) communications or threatening communications;

k. any and all defenses interposed by Defendants;

l. any expert disclosures; and

m. all other matters relevant to the conduct and practices alleged in the Complaint, Plaintiff's claims for relief, and Defendants' defenses.

2. **Discovery Limitations: The following discovery limitations should apply:**

a. For oral depositions, excepting depositions of expert witnesses and unless extended by agreement of the parties or Order of the Court: (i) the maximum number of oral exam depositions for the Plaintiff shall be 10, the maximum number for the Defendants, collectively, shall be 10; and (ii) the maximum number of hours for each deposition shall be 7 hours unless, subject to agreement by the parties, the time is

extended (for example, to accommodate particular depositions involving numerous exhibits).

b. For interrogatories, the maximum number of interrogatories that Plaintiff may propound to Defendants, collectively, is 25, and the maximum number of interrogatories that the Defendants, collectively, may propound to Plaintiff is 25.

c. For requests for admissions unrelated to the authentication of evidence, Plaintiff may propound to the Defendants, collectively, up to 35 requests for admissions and Defendants, collectively, may propound up to 35 requests for admissions unrelated to the authentication of evidence to Plaintiff.

d. The discovery limitations set forth herein may be amended by written stipulation of the parties or Order of the Court.

3. **Discovery of Electronically Stored Information:**  The parties shall work cooperatively concerning the scope of production of electronically stored information ("ESI"), and to ensure that electronically stored information will be produced in a format acceptable to the requester of such information.

4. **Treatment of Personal Identifying or Privileged Information:** The parties agree that they may provide categorical privilege logs, which provide information about the nature of the withheld documents sufficient to enable the receiving party to make an intelligent determination about the validity of the assertion of the privilege.  The categorical privilege logs exchanged should include the date or date ranges of withheld documents and identify the authors, recipients, and copyees, if any.

**5.** The parties shall comply with the Stipulated Protective Order for Discovery and Trial, if

entered by the Court, to handle the production and use of personally identifying information,

confidential information, and any inadvertent disclosure of privileged information.

Respectfully submitted,                                    Dated: _____

                                                           LETITIA JAMES
                                                           Attorney General of the
                                                           State of New York


/s/ Adam B. Steinbaugh                                     /s/ Alyssa Jordan Pantzer
Adam B. Steinbaugh*                                        ALYSSA JORDAN PANTZER
Senior Attorney                                            Assistant Attorney General
Foundation for Individual Rights and                       350 Main Street, Suite 300A
Expression                                                 Buffalo, NY 14202
510 Walnut Street, Suite 900                               Telephone: (716) 853-8457
Philadelphia, PA 19106                                     Email: Alyssa.Pantzer@ag.ny.gov
Telephone: (215) 717-3473
Email: adam@fire.org                                       *Attorney for Defendants*


* Admitted *pro hac vice*.

*Attorneys for Plaintiff Stephen Kershnar*