UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEPHEN KERSHNAR,

Plaintiff,

-vs-

STEPHEN H. KOLISON, JR., in his individual capacity and his official capacity as the President of the State University of New York at Fredonia, and

DAVID STARRETT, in his individual capacity and official capacity as Executive Vice President and Provost of the State University of New York at Fredonia,

Defendants.

---

**STIPULATED PROTECTIVE ORDER FOR DISCOVERY**

23-cv-525

The Court enters this protective order (Protective Order or Order) pursuant to Fed. R. Civ. P. 26(c), in anticipation of plenary discovery in this Action. The Stipulated Protective Order Regarding Production of Documents For Preliminary Injunction Evidentiary Hearing (Evidentiary Hearing Protective Order) (Dkt. 49) is superseded by this Protective Order, with the understanding that the Evidentiary Hearing Protective Order remains in place until the conclusion of the Evidentiary Hearing. Further, all documents marked “Confidential” under the Evidentiary Hearing Protective Order remain Confidential under this Protective Order and need not be redesignated as such. This Order does not govern the use at trial of material designated under this Order, which shall be addressed in a separate pre-trial order.

## 1. PURPOSES AND LIMITATIONS

Discovery in this Action may involve production of confidential, proprietary, or private information requiring protection from public disclosure and from use for purposes other than

prosecuting this litigation. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the Parties must comply with Local Rule 5.3 if they seek to file anything under seal.

**2. GOOD CAUSE STATEMENT**

An attorney marking material as "Confidential Material" certifies in good faith that it contains (a) Personally Identifiable Information; or (b) trade secret(s); or (c) other confidential research, development, commercial, governmental or law enforcement information.

**3. DEFINITIONS**

3.1 Action: This case, *Stephen Kershnar v. Stephen H. Kolison, Jr., in his individual capacity and his official capacity as the President of the State University of New York at Fredonia, and David Starett, in his individual capacity and official capacity as Executive Vice President and Provost of the State University of New York at Fredonia*, Case No. 1:23-cv-525-LJV-JJM , pending in the United States District Court for the Western District of New York.

3.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3 CONFIDENTIAL Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

3.4 Counsel: attorneys for the Parties to this Action, including support staff.

3.5 Designating Party: a Party or Non-Party that designates information or items that it

produces in disclosures or in responses to discovery as CONFIDENTIAL.

3.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or who has been previously accepted by this Court as an expert during the Preliminary Injunction Evidentiary Hearing, or a person who serves as a consultant in this Action, unless and until such person is excluded by order of the Court.

3.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.10 Party: any party to this Action, including all of its officers, directors, employees, consultants, contractors, retained experts, and Counsel.

3.11 Personally Identifiable Information or PII means any (a) Social Security numbers and date of births; (b) sensitive health-related data including medical records; (c) personal email addresses; (d) home addresses; (e) home phone numbers; (f) personal cell phone numbers; or (g) other sensitive information relating to an individual entitled to confidential status under applicable law, by order of this Court, or by agreement of the parties.

3.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.14 Professional Vendors: persons or entities that provide litigation-support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15 Protected Material: any Disclosure or Discovery Material that is designated as CONFIDENTIAL.

3.16 Receiving Party: a Party that receives Disclosure or Discovery Material or Protected Material from a Producing Party.

## 4. PROHIBITION ON THE DISCLOSURE OF PII

Regardless of whether such material is designated as Confidential Material, no Party to this action shall publicly file any material containing PII. A Party may publicly file material containing PII after appropriately redacting all PII from such material and need not file an unredacted copy under seal when the Party believes the PII is not relevant to this action, unless ordered by the Court. If another Party believes the redacted PII is relevant to the action, such Party may move to file unredacted versions of such material under seal.

## 5. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

## 6. DESIGNATING PROTECTED MATERIAL

The Parties may designate any document or materials as "CONFIDENTIAL" by stamping such document as "CONFIDENTIAL." or by informing the receiving party of the Bates numbers of documents or materials designated as "CONFIDENTIAL." While the Parties will attempt to stamp "CONFIDENTIAL" documents as such prior to production, the Parties may designate

documents as "CONFIDENTIAL" after they have been produced. When a Party designates a document as "CONFIDENTIAL" after it has been produced, that Party will provide the other Parties with a version of the document stamped "CONFIDENTIAL."

**7. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 Timing of Challenges: A Party objecting to the designation of any document or material as CONFIDENTIAL must challenge such designation within 21 days of designation.

7.2 Treatment of Challenged Material: In the event a Party challenges any designation of information as CONFIDENTIAL, such information shall be deemed confidential under this Order until the challenge is resolved pursuant to the terms of this Order.

7.3 Process for Challenge: A Party that challenges a CONFIDENTIAL designation must do so in writing to the Designating Party and must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Challenging Party must identify the challenged material and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the asserted designation. Following written notice to the Designating Party of a challenge, the parties shall have twenty-one (21) days to meet and confer in an attempt to reach an informal resolution of the dispute. If attempts at an informal resolution prove unsuccessful, or the Designating Party refuses to participate in the meet and confer process, the Challenging Party must notify the Designating Party in writing that it is invoking the Court Review stage of the challenge process set forth in paragraph 7.4 of this Protective Order.

7.4 Court Review: After the Challenging Party notifies the Designating Party in writing that it is invoking the Court Review stage of the challenge process, the Challenging Party shall, within twenty-one (21) days of such notification, file a motion with the Court pursuant to

Local Rule 7(d)(3) that the Parties have made a sincere attempt to resolve the dispute. The Challenging Party shall have the burden to establish that the information has been inappropriately designated as CONFIDENTIAL under the terms of this Order and applicable law. All Parties shall continue to treat the material in question as Protected Material pursuant to the terms of this Order until the court rules on the challenge.

**8. ACCESS TO AND USE OF PROTECTED MATERIAL**

Material marked or otherwise designated as "CONFIDENTIAL" shall be maintained in confidence by the Receiving Party, shall not be used or disclosed by the Receiving Party for any purpose or function except in connection with the plenary discovery in this Action. Materials marked or otherwise designed as "CONFIDENTIAL" shall not be disclosed by the receiving party to any other person except:

a. the Receiving Party's Counsel in this Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

b. the officers, directors, employees and contractors of the Receiving Party;

c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. the court and its personnel;

e. court reporters and their staff;

f. professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g. the author or recipient of a document containing the information or a custodian or

other person who otherwise had access to, possessed, or knew the information;

h. during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the witness has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pursuant to designations of Protected Material under section 6 above, the court reporter, or Designating Party if such designations are made after a final copy of the transcript and exhibits are made available, will identify such material that appears on any pages of transcribed deposition testimony or exhibits, and such material may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

i. any mutually agreed upon mediator or settlement officer, and their supporting personnel, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

j. to a federal or state agency by the Bureau or State of New York where the disclosure is required or permitted by statute or regulation.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order or other legal process, including discovery requests, issued in other litigation that compels disclosure of any information or items designated in this Action, as CONFIDENTIAL that Party must:

a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order or other legal process;

b. promptly notify in writing the party who caused the subpoena or order or other legal

process to issue in the other litigation, that some or all of the material covered by the subpoena or order or other legal process is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court from which the subpoena or order or other legal process issued, unless the Party has obtained the Designating Party's permission. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. MISCELLANEOUS**

Nothing in this Protective Order shall be deemed to waive any otherwise applicable privilege or any objection as to the relevance or admissibility of evidence.

Until this Protective Order is entered by the Court, the parties agree that upon execution by

the parties, this Protective Order will be treated as though it has been "So Ordered."

Nothing in this Protective Order shall preclude any party or non-party from seeking or obtaining from the Court different or further protection or relief pursuant to Fed. R. Civ. P. 26(c) or any other provision of the Federal Rules of Civil Procedure.

Any privileged material that is inadvertently produced during discovery in this action shall promptly be returned to the Producing Party. Such inadvertent disclosure shall not constitute a waiver of any applicable privilege for any purpose.

**12. JURISDICTION**

The Court shall retain jurisdiction after the resolution of this action to enforce or modify the terms of this Order.

**SO STIPULATED AND AGREED:**

DATED: March 26, 2026

/s/ Adam Steinbaugh_____________
ADAM STEINBAUGH
Attorney for Plaintiff

DATED: March 26, 2026

/s/ Alyssa Jordan Pantzer_____________
ALYSSA JORDAN PANTZER
Attorney for Defendants

**SO ORDERED:**

DATED: _______

________________________________
JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________ [print or type full name],

of _____________________________________________________________________________

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of New York on _______________ [date] in the case of *Stephen Kershnar v. Kolison et. al* , Case No. 1:23-cv-525-LJV-JJM. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of New York for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____________

City and State where sworn and signed: ____________________________

Printed name: ______________________________

Signature: _________________________________