UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEPHEN KERSHNAR,

                    Plaintiff,                    **CASE MANAGEMENT ORDER**

                                                  1:23-cv-0525(LJV)(JJM)

v.

STEPHAN H. KOLISON, JR., *et al.*,

                    Defendants.

_____

        Pursuant to the order of Hon. Lawrence J. Vilardo referring the above case to me

for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P.

("Rule") 16(b) and Local Rule 16, and a conference with counsel having been held on

April 9, 2026, it is ORDERED that:

        1.      The parties held an unsuccessful settlement conference before me on May

17, 2024.  Because that mediation was unsuccessful and the parties do not believe a second

mediation would be productive, I am exempting this case from further ADR in accordance with

Section 2.2D of the Plan for Alternative Dispute Resolution.

        2.      Compliance with the mandatory disclosure requirements found in

Rule 26(a)(1) will be accomplished by no later than **April 23, 2026**.

        3.      All motions or stipulations to join other parties and to amend or

supplement the pleadings shall be filed by no later than **May 29, 2026**.

        4.      All fact discovery shall be completed by no later than **November 16,**

**2026**.  If discovery disputes arise, the parties shall briefly outline the dispute by letter (not to

exceed four single-spaced pages) and file the letter electronically using the Case

Management/Electronic Case Files (CM/ECF) system (providing a copy by mail or e-mail to any unrepresented parties). Upon review of the letter, I will either schedule a conference with the parties to attempt to resolve the issue informally, or, if the issues in dispute are beyond what can productively be addressed in an informal discovery conference, I will set a deadline for an appropriate motion.  If a discovery conference is scheduled and the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. Since the informal discovery dispute resolution process is not expedited motion practice, parties do not waive arguments by failing to raise them in their informal submissions. However, utilizing this informal discovery process does not act to automatically toll proceedings, including Case Management Order deadlines, discovery deadlines, or scheduled depositions or inspections. For any disputes that require prompt attention, the parties should proceed by motion.

5. Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **January 15, 2027**.  Each party intending to offer other expert testimony (*i.e.,* testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **February 15, 2027.**

6. All expert depositions shall be completed by no later than **March 15, 2027.**

7. Pretrial dispositive motions, including motions pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), shall be filed by no later than **April 1,**

**2027**. Such motions shall be made returnable before the District Judge. The parties are directed to provide a courtesy copy of all motion papers to the Court.

8.    If no pretrial dispositive motions are filed, the parties shall contact Judge Vilardo's chambers by **April 8, 2027** to schedule a trial date.

**No extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party". <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d 326, 340 (2d Cir. 2000). The parties' consent to the extension does not by itself constitute good cause.**

**SO ORDERED**.

Dated:  April 9, 2026

                                       _____/s/    Jeremiah J. McCarthy_____
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge