**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

STEPHEN KERSHNAR,

          *Plaintiff,*

   v.

STEPHEN H. KOLISON, JR, *et al.,*

          *Defendants*.

Case No.: 1:23-cv-00525-LJV-JJM

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Plaintiff Stephen Kershnar submits this memorandum of law in support of his motion for leave to file a first Amended Complaint under Federal Rules of Civil Procedure 15(a)(2), 20(a)(2), and 21; Local Rule of Civil Procedure 15(a)–(b); and the Court's July 14, 2026 Text Order extending through July 31, 2026, the deadline to join parties or amend the pleadings. Dkt. No. 115. Plaintiff submits with this memorandum an unsigned, complete proposed Amended Complaint (Exhibit 1) and a redline version identifying the proposed changes (Exhibit 2).

**RELEVANT FACTUAL BACKGROUND**

Plaintiff Stephen Kershnar, a Distinguished Teaching Professor at SUNY Fredonia, commenced this action in June 2023. Dkt. No. 1. The operative complaint alleges that Defendants, officials of the public university, violated the First Amendment when they responded to Kershnar's extramural speech by removing him from teaching, barring him from campus, and prohibiting him from communicating with the campus community. Dkt. No. 1. Kershnar sought both prospective relief and damages.

After Plaintiff filed the operative complaint, he filed a motion for a preliminary injunction. Dkt. No. 3. Defendants filed an opposition to that motion, providing declarations and records not previously available to Plaintiff. Dkt. No. 13-1. At Defendants' request, the Court held evidentiary hearings over three days on Kershnar's preliminary-injunction motion to allow Defendants to present evidence supporting their asserted safety rationale for his continued exclusion. *See* Tr. of Aug. 17, 2023 Status Conf., Dkt. No. 28-1 at 3:20–22; Tr. of Sept. 13, 2023 Evidentiary Hr'g, Dkt. No. 50 at 3:22–4:8; Dkt. Nos. 51, 64. In advance of those hearings, the Court directed Defendants to produce updated threat assessments relating to Kershnar. Dkt. No. 98.

After the hearings began, both sides requested time to pursue a negotiated resolution. Am. Decision & Order, Dkt. No. 104 at 2. The Court adjourned that mediation at Defendants' request to allow them to obtain settlement authority. Dkt. Nos. 74, 75. The settlement conference ultimately was unsuccessful. Dkt. No. 77. The Court later scheduled the continued evidentiary hearing for March 20, 2026, in part to accommodate for Defendants' counsels' availability. Dkt. No. 87.

On March 30, 2026, the Court issued an amended decision and order denying Defendants' Rule 12(b)(6) motion in full. Am. Decision & Order, Dkt. No. 104. The Court held that each of the operative complaint's four First Amendment causes of action stated a claim and rejected Kolison's qualified-immunity argument. *Id.* at 8– 23. In discussing Defendants' asserted safety rationale, the Court observed that Chief Isaacson's conclusions, offered at the evidentiary hearing, rested on "nothing more

than a theory" and that there was "little—if any—evidence" in the record that Defendants had relied on disruptions unrelated to physical safety. *Id.* at 15–16 & n.7.

On March 6, 2026, the Court also granted Plaintiff's discovery motion over Defendants' opposition. Dkt. Nos. 82, 83, 94. The Court noted that there "has been a lengthy stay of that proceeding so that settlement negotiations could be pursued" and that the parties "will likely need to update their discovery to prepare to continue" the evidentiary hearing. Dkt. No. 94.

During a March 12, 2026 conference, the Court directed Defendants to produce threat assessments relating to Kershnar. Dkt. No. 98. Defendants then produced five memoranda authored by SUNY Fredonia Chief of University Police Gordon Carpenter and dated April 9, 2024; August 20, 2024; January 16, 2025; June 12, 2025; and December 17, 2025.

Those newly disclosed memoranda materially expand the factual record and the scope of the university's justifications for removing Kershnar. Among other things, they identify Kershnar's later speech about antisemitism, academic freedom, and whether God deserves praise as justifying his removal, characterizing these subjects as "High-Risk Topics" or "ideologically sensitive." Proposed Am. Compl. ("PFAC"), Ex. 1 ¶¶ 219–47. These justifications, not previously known to Kershnar, expand the purported rationale for banishing Kershnar.

SUNY Fredonia later notified Kershnar that his continuing appointment would end on August 31, 2026. PFAC ¶¶ 13, 123. Kershnar thereafter withdrew his preliminary-injunction motion. Dkt. No. 109. The proposed Amended Complaint

therefore updates his employment status, removes the requests for prospective relief, and seeks damages for the alleged constitutional violations.

## ARGUMENT

The Court should grant leave to file the proposed Amended Complaint. The amendment incorporates recently produced evidence and later developments, adds the Provost who—after replacing Defendant David Starrett as Provost—renewed the restrictions in 2025 and 2026, and refines the relief requested while preserving the same core First Amendment theories this Court already found meritorious.

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires." The Second Circuit describes this standard as "liberal" and "permissive." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). That standard advances the "strong preference for resolving disputes on the merits," *Loreley Financing (Jersey) No. 3. Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (citation modified). A court may deny leave for undue delay, bad faith or dilatory motive, undue prejudice, or futility. *Sacerdote*, 9 F.4th at 115; *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007). Because this motion is filed within the July 31, 2026, deadline set by the Court, Rule 15(a)(2)—not Rule 16(b)(4)'s post-deadline "good cause" standard—governs. *See* Dkt. No. 114 (moving for an extension of the deadline based on "good cause"); Dkt. No. 115 (granting motion and extending the deadline to July 31, 2026); *Sacerdote*, 9 F.4th at 115–16 (clarifying that motions to amend filed within the district court's deadline are governed by Rule 15(a)(2)).

## I.   The proposed amendments facilitate resolution on the merits and are not futile.

Leave is appropriate because the proposed Amended Complaint updates the same alleged course of conduct with facts learned through discovery and subsequent events, building on the operative, meritorious Complaint.

Rule 15's liberal standard implements the "strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 190; *see also Barron v. Helbiz, Inc.*, No. 21-278, 2021 WL 4519887, at *3 (2d Cir. Oct. 4, 2021) (applying this principle and holding that district court abused its discretion in not granting leave to amend complaint).

The underlying dispute remains unchanged. Kershnar alleges that SUNY Fredonia excluded him from teaching, campus, and communication because of his protected extramural speech and hostile public reactions to that speech. The proposed allegations concerning Chief Carpenter's assessments and Provost Horowitz's renewals—both of which occurred after Plaintiff filed the operative Complaint—bear directly on Defendants' asserted safety justification and on whether the restrictions reflected content or viewpoint discrimination.

The corresponding legal theories are not futile. This Court already held that the operative complaint plausibly alleged First Amendment violations and rejected Kolison's qualified-immunity defense at the pleading stage. Dkt. No. 104 at 8–23. Plaintiff's suit challenges restrictions that are anathema to the university's academic mission, restrictions which are particularly poisonous where, as here, they implicate the "social sciences, where few, if any, principles are accepted as absolutes." *Sweezy*

*v. New Hampshire*, 354 U.S. 234, 250 (1957); *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967) (warning against actions that cast a "pall of orthodoxy" over a public university); *see also Levin v. Harleston*, 966 F.2d 85, 88 (2d Cir. 1992) (public university had no "legitimate educational interest" in disciplining philosophy professor for protected speech outside the classroom). And Defendants maintained their posture even after the Second Circuit rejected arguments that university faculty are subject to the *Garcetti v. Ceballos* exception for employee speech. *See Heim v. Daniel*, 81 F.4th 212, 227–33 (2d Cir. 2023).

The proposed Amended Complaint adds factual detail rather than replacing the theories that already survived a motion to dismiss. An amendment is futile only if the proposed pleading could not withstand a Rule 12(b)(6) motion. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

The proposed Amended Complaint asserts three damages claims: (1) content and viewpoint discrimination against Kolison, Starrett, and Horowitz, PFAC ¶¶ 262–300; (2) retaliation against Kolison, *id.* ¶¶ 301–18; and (3) prior restraint against Kolison, *id.* ¶¶ 319–42. Those claims arise from the same restrictions and asserted safety rationale addressed in the operative complaint and Dkt. No. 104. The new allegations concerning Horowitz specifically allege her personal role in renewing the restrictions. *See* PFAC ¶¶ 21, 237, 246–47, 284–85.

## II.     Plaintiff's timely proposed amendment is not brought for an improper or dilatory purpose and will not prejudice Defendants.

This case is at an early stage, owing to the extended litigation over the preliminary injunction motion. Just four months ago, the Court issued its Decision

and Order denying Defendants' motion to dismiss under Rule 12(b)(6). Dkt. No. 93. Although the action has been pending since 2023, general merits discovery remains at a comparatively early stage: the Court entered the Case Management Order on April 9, 2026, Dkt. No. 106; no depositions have been taken; and no trial date has been set, and Plaintiff filed this motion within the Court-extended deadline. Dkt. 115. The timing therefore does not reflect bad faith or dilatory motive.

Moreover, the proposed amendments primarily relate to evidence unavailable when the action began and events postdating the initial Complaint, including the security assessments produced in connection with the evidentiary hearings, the 2025–2026 renewals, and developments relating to Kershnar's employment. This is Plaintiff's first motion to amend, filed within the deadline authorized by the Court's scheduling order. Dkt. No. 115. *See Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 384–85 (2d Cir. 1968) (reasoning that the passage of three years between the initial complaint and the proposed amended complaint is not an adequate basis to denying leave to amend where the amendments respond to "subsequent" factual developments).

For example, Plaintiff first obtained the five Carpenter assessments after the Court's March 2026 production order. Dkt. No. 98. The proposed Amended Complaint alleges that those assessments introduced new rationales, contained factual and contextual errors, and were prepared after two of the challenged renewal decisions. PFAC ¶¶ 219–47. These allegations concern the same course of conduct and the same First Amendment theories as the operative complaint, but could not have been

alleged in the initial Complaint because they had not yet taken place. Similarly, the proposed Amended Complaint adds subsequent developments concerning Kershnar's employment. SUNY Fredonia notified Kershnar that his continuing appointment would end on August 31, 2026. PFAC ¶¶ 13, 123. Owing to the change in remedies available to Kershnar following his termination, the proposed Amended Complaint omits prospective-relief claims and seeks damages for the alleged past violations.

The proposed Amended Complaint also adds Interim Provost Judith Horowitz, who succeeded existing Defendant David Starrett as Provost and subsequently renewed Kershnar's removal in July 2025 and January 2026. PFAC ¶¶ 21, 237, 246–247. Those alleged acts form part of the same series of transactions or occurrences as the claims against Kolison and Starrett and present common questions concerning Kershnar's speech, Defendants' asserted safety rationale, and the continued restrictions. Nor does Horowitz's addition change the legal theory, as she occupies the same position as existing Defendant Starrett and took the same steps alleged to have violated the First Amendment in the meritorious operative Complaint. Rule 20(a)(2) therefore permits joinder. *See Kelly v. Snap-On Inc.*, No. 21-CV-729-LJV, 2023 WL 3579068, at *4–6 (W.D.N.Y. May 22, 2023).

Rule 21 separately authorizes the Court to add a party "at any time, on just terms." Fed. R. Civ. P. 21. Joinder causes no limitations problem: the conduct attributed to Horowitz occurred in 2025 and 2026, within the three-year limitations period applicable to § 1983 claims in New York. *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023); PFAC ¶¶ 237, 246–47.

8

Nor will amendment cause undue prejudice. The proposed claims expand on the existing claims, rely on the same core documents and witnesses, and are presented before depositions or trial. Defendants therefore will not need to "expend significant additional resources to conduct discovery," *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993), or prepare for a fundamentally different case.

## CONCLUSION

For those reasons, Plaintiff respectfully requests leave to file the proposed Amended Complaint. If leave is granted, Plaintiff will file the amended pleading within the time required by Local Rule 15(c) or the Court's order.

Dated: July 31, 2026

Respectfully submitted,

/s/ Adam B. Steinbaugh

Barry N. Covert, Esq.
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue – Suite 120
Buffalo, New York 14202
Tel: (716) 849-1333
Email: bcovert@lglaw.com

Adam B. Steinbaugh*
CA Bar No. 304829
Cary Davis*
PA Bar No. 338042
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Email: adam@fire.org
Email: cary.davis@fire.org

Robert Corn-Revere*
DC Bar No. 375415
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
Tel: (215) 717-3473
Email: bob.corn-revere@fire.org

* Admitted *pro hac vice.*

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing upon all ECF filing participants.

/s/ Adam B. Steinbaugh
Adam B. Steinbaugh
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION (FIRE)

10