**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

STEPHEN KERSHNAR,

*Plaintiff*,

v.

STEPHEN H. KOLISON, JR., et al.,

*Defendants*.

Case Number: 1:23-cv-00525-LJV-JJM

**JOINT MOTION TO EXTEND CASE MANAGEMENT ORDER DEADLINES**

Plaintiff Stephen Kershnar and Defendants Stephen H. Kolison, Jr. and David Starrett, by and through their respective counsel, jointly and respectfully move the Court to extend the remaining deadlines set forth in the Court's April 9, 2026, Case Management Order [Doc. 106], including the deadline for completion of fact discovery, from the current deadline of November 16, 2026, to a new deadline of June 30, 2027. The parties base this request on the following:

1. Under the Court's April 9, 2026, Case Management Order [Doc. 106], the current deadline for completion of fact discovery is November 16, 2026. The Case Management Order further provides that expert disclosures and reports on issues as to which a party bears the burden of proof are due January 15, 2027; that responsive expert disclosures and reports are due February 15, 2027; that all expert depositions be completed by March 15, 2027; that pretrial dispositive motions, including motions pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), be filed by April 1, 2027; and that, if no dispositive motions are filed, the parties are to contact Judge Vilardo's chambers by April 8, 2027, to schedule a trial date.

2. Neither party has previously sought or obtained an extension of the fact discovery deadline or of any subsequent deadline in the Case Management Order. On Plaintiff's unopposed motions, the Court has twice extended the deadline to move to join other parties and to amend or supplement the pleadings. [Docs. 113, 115.]

3. Before filing this motion, Plaintiff's counsel conferred with Defendants' counsel regarding an extension of the deadline to complete fact discovery and proposed a six-month extension. Defendants' counsel agreed that an extension was warranted, but asked that the new deadline run to late June or early July 2027, because end-of-academic-year activities at SUNY Fredonia make May a difficult month for Defendants and for the university personnel whose documents and testimony are at issue. The parties conferred further and agreed on a new fact discovery deadline of June 30, 2027, and upon corresponding extensions of the remaining Case Management Order deadlines, as set forth in Paragraph 8 below. The parties accordingly make this motion jointly. All parties consent and agree neither side will suffer prejudice from this extension. The Court has not set a trial date.

4. There is good cause for the requested extension, and the parties have been diligent in pursuing discovery. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Plaintiff served his First Set of Requests for Production to Defendant Kolison on April 22, 2026. The parties agreed to extend Kolison's deadline to respond from May 22 to July 15, and then to July 31, 2026. Kolison served his responses and objections to Plaintiff's First Set of Requests for Production on August 7, 2026. Defendants thereafter advised that their searches had identified more than 50,000 potentially responsive documents, and the parties have been engaged subsequently in negotiations over search terms and custodians to narrow that universe, to limit the burden and expense of production, and to attempt to reach compromise and avoid unnecessary

court intervention. Defendants provided Plaintiff with a spreadsheet of proposed custodians in August 2026; Plaintiff provided Defendants with consolidated proposed custodians and limiting search terms on October 30, 2026; and Defendants are presently evaluating those proposals. To date, while the parties exchanged documents in connection with the evidentiary hearing on the motion for a preliminary injunction, Kolison has not yet produced documents in response to Plaintiff's First Set of Requests for Production. Without the opportunity to evaluate Kolison's production, Plaintiff has been unable to notice depositions.

5. Plaintiff has also pursued discovery from non-parties. Plaintiff served subpoenas on five non-parties in late October and early November 2026, with responses due in early December 2026. The parties will require time after those responses arrive to review the materials produced and to take any depositions the documentary record warrants.

6. Additionally, the parties await the Court's ruling on Plaintiff's July 31, 2026, Motion for Leave to File a First Amended Complaint [Doc. 116], which was submitted as of August 21, 2026. If the Court grants that motion, the parties may need time beyond the current deadline to complete fact discovery in connection with the allegations and new defendant in the Proposed Amended Complaint [Doc. 116-3], including the time required for that defendant to appear and to respond to the pleading and to discovery.

7. Finally, the requested extension will permit the parties to assess whether renewed settlement discussions would be productive once document production is complete and the Court has resolved the scope of the operative pleading.

8. The parties jointly propose the following amended schedule, which preserves the intervals between the deadlines set in the Case Management Order:

a. All fact discovery shall be completed by no later than June 30, 2027.

b. Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than August 31, 2027.

c. Each party intending to offer other expert testimony shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than September 30, 2027.

d. All expert depositions shall be completed by no later than October 29, 2027.

e. Pretrial dispositive motions, including motions pursuant to *Daubert*, shall be filed by no later than November 16, 2027.

f. If no pretrial dispositive motions are filed, the parties shall contact Judge Vilardo's chambers by November 23, 2027, to schedule a trial date.

9. In light of the foregoing, the parties respectfully request that the Court extend the deadlines set forth in the Case Management Order [Doc. 106] as proposed in Paragraph 8 above.

Respectfully submitted this 9th day of November, 2026.

/s/ Adam B. Steinbaugh
Adam B. Steinbaugh* (Cal. Bar No. 304829)
Cary Davis* (Penn. Bar No. 338042)
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)
510 Walnut St.; Ste. 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Email: adam@fire.org
Email: cary.davis@fire.org

Robert Corn-Revere* (D.C. Bar. No. 375415)
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)
700 Pennsylvania Ave. SE; Ste. 340
Washington, DC 20003
Tel: (215) 717-3473
Email: bob.corn-revere@fire.org

Barry N. Covert, Esq.

LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue – Suite 120
Buffalo, New York 14202
Phone: (716) 849-1333
Email: bcovert@lglaw.com

*Admitted *Pro Hac Vice*
*Attorneys for Plaintiff*

**LETITIA JAMES**
Attorney General of the State of New York
Attorney for Defendants

BY: s/ Jennifer J. Metzger+
JENNIFER J. METZGER
ALYSSA JORDAN PANTZER
Assistant Attorneys General of Counsel
Main Place Tower
350 Main Street, Suite 300A
Buffalo, New York 14202
(716) 853-8477
Jennifer.Metzger@ag.ny.gov
Alyssa.Pantzer@ag.ny.gov

+*Signed by Adam Steinbaugh with permission of Jennifer J. Metzger*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing upon all ECF filing participants.

/s/ Adam B. Steinbaugh
Adam B. Steinbaugh
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)